## WARD AND CAMP *vs.* ALLEN.

If an instrument, by mistake of its author or draftsman, fails to speak his mind, a court of equity will modify the instrument, so as to make it speak his mind.

In Equity, in Fayette superior court. Tried before Judge BULL, March Term, 1858.

The bill alleges that Morris Harris, the father of complainant, Matilda Allen, widow of Coleman A. Allen,

deceased, made and executed the following deed of gift, viz:

Georgia, } Know all men by these presents, Fayette County. } that I, Morris Harris, of the county and State aforesaid, in full exercise of my right mind, and in the fear of God, peace and good order of the State, declare that for the love, good will and affection which I have for my daughter Matilda, wife of Coleman A. Allen, I do, for the love and affection which I have for her, give and grant unto her and her children which she now has, or which she may hereafter have born unto her present husband, or any future husband, the following property, to-wit: Tom, a negro man about twenty-two years old; Julia, a negro woman about twenty-two years old; Linda, a girl about sixten years old, and all future increase of them; and I further give and grant, in a separate manner unto her son, Morris Harris Allen, my negro boy Daniel, about two years old, and lot of land No. 208, in the 5th district, of originally Henry, now Fayette county; all of which property I give and bequeath at my death to my daughter Matilda and her children, in such manner and by design that her present husband shall not be entitled to it, or have control of the same in any way whatever, and I hereby appoint Jesse Ward trustee of property herein named for the purpose aforesaid, for the use and sole benefit of my daughter and her children. To have and to hold the said property separate from my other heirs, and I hereby oblige my other heirs and representatives to warrant and forever defend the title of the above specified property. In witness whereof, I hereunto set my hand and and seal, this 12th day of April, 1845.

(Signed.)    MORRIS HARRIS. [L. S.]

Signed, sealed and delivered } in presence of }

Jesse Ward,
John Harrison,
R. Malone Stell.

The bill further states, that said deed, after its execution, was delivered by Harris to Jesse Ward, the trustee therein appointed, with instructions to have it recorded, which he did on the 20th day of the same month, to-wit: 20th April, 1845. The bill further states and charges that the purpose and intention of her father was to convey said property to her and her children under the limitations and restrictions mentioned by deed, but that owing to the mistake or misconception of the draftsman of said instrument, who was unlearned in the law and unskilled in drawing such instruments, the paper executed may be held a will, and as such revoked by the last will and testament of said Morris, subsequently executed, and which has been duly admitted to record in the proper office. That after her father's death, the executor of his will, Abner Camp, delivered said property to Jesse Ward, the aforesaid trustee, who allowed her and her husband to remain in possession of said property for some time, and treated said paper as a deed, and recognised and admitted complainant's and her children's right and title to the same, as donees whose interest vested in and under said deed at the time of its execution.

The bill further states that Ward, the trustee, combining with Camp, the executor aforesaid, has taken said negroes from the possession of complainant and her children, and has delivered them to said Camp, who resides in the county of Henry, and by whom they are now held, and who is in the enjoyment of the hire and profits of said negroes and their increase, and complainant is thus deprived of their services, and her right and title to the same denied.

The bill prays that the paper be reformed in pursuance of the donor's instructions and intentions, and that it be set up and declared a deed; that the property therein mentioned be delivered and restored to complainant and her children, and that defendants account for the hire,

Ward and Camp vs. Allen.

labor and profits of said negroes since they came into their possession.

Defendants demurred to the bill for want of equity, and that parol evidence was inadmissible to shew or explain the intention of the testator, and that he intended the paper sought to be set up and reformed, as a deed and not a will.

The presiding judge overruled the demurrer, and defendants excepted and assign said decision as error.

L. T. DOYAL, and HAMMOND & SON, for plaintiffs in error.

M. M. TIDWELL, *contra.*

*By the Court.*—BENNING, J., delivering the opinion.

Was the court below right in overruling the demurrer to the bill? We think so.

The grounds of the demurrer were, 1st, that the bill had no equity in it; 2d, that parol evidence was not admissible, to show what was intended by the instrument.

If an instrument, by mistake of its author, or his draftsman, does not speak his mind, a court of equity will modify the instrument so as to make it speak his mind. (Wyche and wife vs. Green, 16 Geo. Rep., 49.) And it will hear verbal evidence as to what his mind was.

It follows, then, that there was equity in this bill, if the bill states, that by mistake the instrument does not express what was the intention of Morris Harris, its author, and also states what that intention was.

And these statements the bill makes. It says, in substance, that the instrument is a will, and not a deed; and that a will was a thing that could not express the mind or intention of the author, Morris Harris; that his intention was, to make a deed; and a deed by which he would reserve to himself the use of the property for his life, and

convey the remainder in the property, to a trustee, for the separate use of his daughter, Mrs. Allen, for her life, and at her death, to her children. And the bill sets out the instrument. And it states that mistake was the cause why the instrument was thus made.

Now, if the bill is right in saying, that the instrument is a will, and not a deed, it is clear that the instrument does not speak what the bill states was the intention of Harris, its author; and therefore, it is clear that there was equity in the bill. I, myself, however, am very much inclined to think, that the instrument, as it stands, is a deed—that it is an instrument which conveys to Mrs. Allen and her children, a present right to the future enjoyment of the property—the enjoyment of it at the donor's death; and by necessary implication, reserving to him all the other interest in the property; that is, reserving to him an estate in it for his life. But, even if it was a deed, and of this import, it would not express what the bill states to have been the donor's intention; the bill stating that intention to have been, to convey the remainder after the donor's death, to Mrs. Allen, for her life, and at her death to her children. So that, even if the instrument be a deed, it needs reforming, if we take the statement of the bill as true, and consequently, even in that case, there is equity in the bill.

Judgment affirmed.