# FIDELITY MUTUAL LIFE INSURANCE COMPANY v. STEGALL *et al.*

No. 528.   Opinion Filed September 13, 1910.

(111 Pac. 389.)

1. **COURTS—Jurisdiction—Amount in Controversy.** In an action brought in one of the United States commissioner's courts of the Indian Territory to recover from a surety for the default of the principal, the amount of damages or debt claimed, and not the penalty named in the bond, determines the amount in controversy and the jurisdiction of the court.

2. **PRINCIPAL AND SURETY—Guaranty or Suretyship—Acceptance of Bond—Necessity of Notice.** A bond executed by one person as principal and others as sureties, conditioned that the principal, who has been appointed as agent of the obligee, shall well, truly, and promptly pay the obligee any and all moneys which may come into his hands as its agent, and shall keep all agreements comprised in any and all contracts theretofore or thereafter made between the obligee and the principal, binds the sureties as sureties, and not as guarantors, and no notice of the obligee's acceptance of the bond is required.

3. **TRIAL—Directing Verdict—Insufficiency of Evidence.** It is only when the evidence with all the inferences the jury could justifiably draw from it will be insufficient to support a verdict for plaintiff, if a verdict in his favor is returned, that the court is authorized to direct a verdict for defendant; and, unless the conclusion follows as matter of law that no recovery can be had upon any view that can be properly taken of the facts which the evidence tends to establish, the case should be left to the jury under proper instructions.

(Syllabus by the Court.)

*Appeal from District Court, Pittsburg County; Preslie B. Cole, Judge.*

Action by the Fidelity Mutual Life Insurance Company against E. L. Stegall and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

Plaintiff in error commenced this action in the United States commissioner's court at South McAlester before the admission of the state against defendants in error as sureties on a bond to re-

cover the sum of $196.37, with interest thereon. From a judgment in that court in favor of defendants in error, plaintiff in error appealed to the United States Court for the Central District of the Indian Territory at South McAlester, where the appeal was pending at the time of the admission of the state, when the cause was transferred, under the provisions of the enabling act and the Schedule to the Constitution, to the district court of Pittsburg county. At the trial in that court, after plaintiff had introduced its evidence and rested its case, defendants in error, without introducing any evidence, rested and moved the court to instruct the jury to return a verdict in their favor, which was done, and plaintiff appeals. Reversed and remanded.

*A. C. Markley,* for plaintiff in error.—On question of guaranty or suretyship: 1 Brandt on Suretyship and Guaranty, secs. 1, 2, 15; *Friend v. Smith Gin Co.,* 59 Ark. 86. On direction of verdict: *Kentucky Refining Co. v. Purcell, etc.,* 13 Okla. 220; *Shawnee Light & P. Co. v. Sears,* 21 Okla. 13.

*E. Allen Boyd* and *Wm. H. Moore,* for defendants in error.— On question of guaranty or suretyship: Black's Law Dic. 550; 9 A. & E. Enc. L. (1st Ed.) 66; 20 Cyc. 1398, 1404, 1413; *La Rose v. Bank* (Ind.) 1 N. E. 805; *Weed S. M. Co. v. Winchell,* 7 N. E. 881; *McCullom v. Cushing,* 22 Ark. 540; *Davis S. W. Mach. Co. v. Richards,* 115 U. S. 524; *Hawk v. Harris,* 22 Ark. 323.

HAYES, J. (after stating the facts as above). It is suggested at the outset by counsel for defendants in error that any error that may have been committed by the trial court is harmless, for the reason that the United States commissioner's court in which this action was begun was without jurisdiction of the subject-matter, and therefore the court to which it was appealed was without jurisdiction. United States commissioner's courts in the Indian Territory had jurisdiction in all matters of contract where the amount in controversy did not exceed the sum of $300, exclusive of interest. Sections 48, 2706, Ind. Ter. Ann. St. 1899. The penal amount of the bond sued upon is $500, but the amount claimed and for which judgment is sought is $196.37. In suits

upon bonds and other contracts the rule supported by the weight of authority and better reason is that the jurisdiction of the court is determined, not by the penalty named in the bond or the amount of the obligation specified in the contract, but by the amount of damages or debt claimed. *Crabtree v. Moore,* 7 Ark. 75; *Hunton v. Luce,* 60 Ark. 146, 29 S. W. 151, 28 L. R. A. 221, 46 Am. St. Rep. 165; *Richmond v. Henderson,* 48 W. Va. 389, 37 S. E. 653; 1 Encyc. of Plead. & Prac. p. 706, and authorities there cited.

The amount claimed in this proceeding was within the maximum jurisdictional limit of the commissioner's court. *Dunnington et al. v. Bailey,* 27 Ark. 508, cited and relied upon by defendants in error, is not in point. That proceeding was commenced by a motion in the justice court for a judgment upon a bond of $3,000, executed by the holder of certain cotton upon which an execution had been levied, in order that he might retain possession of the cotton. There was no showing in the motion as to what the property was valued at, or what amount of damages was claimed under the bond, the bond being the basis of the action, and the maximum amount which the obligees thereunder could recover upon producing evidence of their damages was $3,000, and, as they did not in their motion fix the amount claimed by them at less than the penal sum of the bond, the limit of the judgment sought by them under the pleadings was the amount of the bond, which was in excess of the jurisdiction of the justice court.

We are unable to ascertain from the record or from the briefs in what particulars the trial court deemed plaintiff's evidence insufficient to entitle it to have the case go to the jury. The original bond was introduced in evidence, its execution established, and its delivery to the managers of plaintiff's branch office at Little Rock, Ark., proved. The bond was afterward forwarded to the company at its main office, where it was retained. The conditions of the bond are that M. M. Winningham, the principal therein, shall pay or cause to be paid to the plaintiff all loans or advances made to him by it, and any and all moneys which may come into his hands as agent of the plaintiff, and shall in all things well and

truly observe, fulfill and keep all the provisions, conditions and agreements comprised and mentioned in any and all contracts or agreements theretofore or thereafter made between Winningham and plaintiff or its representatives according to the purport, true intent and meaning of same. There is evidence that Winningham had theretofore entered into the contract with plaintiff whereby he was to represent it as its agent, and that he had been furnished by the company or had collected and received money of the company since the execution of the bond in the amount sued for which had never been by him paid to the company.

Counsel for defendants in error contend in their brief that the obligation of defendants created by the bond is that of guarantors, and not as sureties; that the evidence fails to establish that any notice of acceptance of their contract of guaranty was ever given by the company to them. It may be that it was upon this theory that a verdict was directed; but in *Hargis et al. v. Fidelity Mutual Life Insurance Company, infra,* a bond to the same company and in the identical language of the bond in the case at bar was considered and held to bind the signers thereof other than the principal as sureties, and not as guarantors, and that no notices of acceptance were required. Upon the authority of that case, the contention of defendants as to the notices of acceptance cannot be sustained.

There is some evidence tending to establish every averment necessary to entitle plaintiff to recover, and it is only when the evidence with all the inferences the jury could justifiably draw from it, will be insufficient to support a verdict for plaintiff, if the verdict in his favor is returned, that the court is authorized to direct a verdict for defendant; and, unless the conclusion follows as a matter of law that no recovery can be had upon any view that can be properly taken of the facts which the evidence tends to establish, the case should be left to the jury under proper instructions. *Kentucky Refining Co. v. Purcell Cotton Seed Oil Mills,* 13 Okla. 220, 73 Pac. 945; *Shawnee Light & Power Co. v. Sears,* 21 Okla. 13, 95 Pac. 449.

The judgment of the trial court is reversed and the cause remanded.

All the Justices concur.