## JOHNSON v. RUDISILL.

No. 5490.    Opinion Filed October 5, 1915.

(152 Pac. 93.)

**TRIAL—Direction of Verdict—Conflicting Evidence.**    Where there is conflict in the evidence, the court cannot direct a verdict.

(Syllabus by Collier, C.)

*Error from County Court, Bryan County;*
*J. L. Rappolee, Judge.*

Action by J. Henry Johnson against Isaac J. Rudisill. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

*Kyle & Newman,* for plaintiff in error.

*W. F. Semple,* for defendant in error.

Opinion by COLLIER, C. This is an action brought by plaintiff in error against defendant in error on two negotiable promissory notes. Hereafter the parties will be designated as they were in the trial court. The action was commenced in a justice court, where judgment was rendered for plaintiff, from which an appeal was taken by defendant to the county court.

The answer admits the execution of the notes sued on. Plaintiff in his own behalf testified: That he was the state manager for the National Life Insurance Company, of Montpelier, Vt., and E. D. James was agent of said company during the year 1911, and was under the supervision of the Oklahoma City office, of which plaintiff was manager.

"I am the owner and holder of said notes. I purchased them from E. D. James some time during the month of October, 1911."

Said notes were then offered in evidence, without objection on the part of defendant, which notes are as follows, to wit:

"34.76. DURANT, OKLA., Sept. 30, 1911.

"November 1, 1911, after date, for value received, I promise to pay to the order of E. D. James, at the Durant State Bank, thirty-four and 76/100 dollars, with interest at the rate of ten per cent. per annum from maturity until paid, and in case of legal proceedings on this note, or if placed in the hands of an attorney for collection, I agree to pay ten per cent. on the amount as attorney's fees. I. J. RUDISILL."

Indorsed on back:

"E. D. JAMES."

"34.76. DURANT, OKLA., Sept. 30, 1911.

"Six months after date, for value received, I promise to pay to the order of E. D. James, at the Durant State Bank, thirty-four and 76/100 dollars, with interest at the rate of ten per cent. per annum from maturity until paid, and in case of legal proceedings on this note, or if placed in the hands of an attorney for collection, I agree to pay ten per cent. on the amount as attorney's fees.

"I. J. RUDISILL."

Indorsed on back:

"E. D. JAMES."

Defendant testified that he lived at Caddo, Okla.; that he signed something relative to a policy of insurance upon his life September 30, 1911, to the National Life Insurance Company, and executed the two notes sued upon as payment of premium on said policy. "I executed and delivered the notes, but the policy was never delivered to me. I never received any registered mail containing any policy issued to me by the National Life Insurance Company, and never received any policy

through the mail, nor was the same delivered to me by any agent or any one else, nor was I ever advised that I had been accepted and that a policy was issued to me."

Thereupon the defendant called plaintiff as a witness in his behalf, and plaintiff testified as follows:

"I am the general manager of the National Life Insurance Company in the State of Oklahoma. E. D. James was soliciting agent for said company during the year 1911, acting under me in that capacity when the notes sued on were executed. I am not an officer of the National Life Insurance Company, and do not own any stock in it. I received the policy on the life of Mr. I. J. Rudisill from the National Life Insurance Company, which policy was No. 237415. I mailed this policy out to Mr. Isaac J. Rudisill, depositing same in the United States mail at Oklahoma City, Okla., properly addressed to Isaac J. Rudisill, Caddo, Okla., with proper postage thereon, but did not register same. It was sent out as ordinary mail. My return card address was printed upon the left-hand corner of the envelope in which the policy was inclosed. I wrote him a letter and inclosed it in the envelope also, at the time I mailed him the policy. The policy was never returned to me. I have written Mr. Rudisill letters, copies of which I have in my hand, which were properly addressed, inclosed in envelopes, with sufficient postage thereon, and mailed to him from Oklahoma City, Okla., addressed to Caddo, Okla., through the regular United States mails. These letters also had my return card address on the left-hand corner of the envelope, and none of them have ever been returned to me."

There was other evidence in the case, which, in view of the conclusion reached, we deem unnecessary to recite.

Upon the conclusion of the evidence, the court *ex mero motu* instructed the jury:

"There is no evidence before you to show consideration for these notes, and you are instructed to return a verdict in favor of defendant."

To this plaintiff duly excepted. The jury returned a verdict for defendant. Within the statutory time plaintiff filed a motion for new trial, which was overruled by the court, to which plaintiff duly excepted. From said judgment, this appeal is prosecuted.

The only defense pleaded to the notes sued upon is failure of consideration. The evidence is in conflict on this point. The giving of said peremptory instruction in favor of defendant was an invasion of the province of the jury and a reversible error. It is an elementary principle of law that the trial court cannot direct a verdict, where it is necessary to weigh the evidence to determine where the preponderance lies. *Freeman-Sipes Co. v. Henson,* 26 Okla. 799, 110 Pac. 909. Where there is evidence reasonably tending to sustain an issue on the part of plaintiff, and the evidence on the part of defendant conflicts therewith, a determination thereof is for the jury. *Taylor v. Insurance Co.,* 25 Okla. 92, 105 Pac. 354, 138 Am. St. Rep. 906; *Mid. Sav. & Loan Co. v. Sutton,* 30 Okla. 448, 120 Pac. 1007.

As the error pointed out must work a reversal of this cause, we deem it unnecessary to review any other error assigned in the case.

This cause should be reversed and remanded.

By the Court: It is so ordered.