### EATMON v. PENLAND, Adm'r.

No. 15026—Opinion Filed Dec. 16, 1924.

Rehearing Denied Feb. 3, 1925.

**Bills and Notes—Illegality and Want of Consideration—Questions for Jury.**

Where the consideration of a note is disputed and there is conflicting testimony, the jury must decide the point. The question of failure or want of consideration or illegality in the consideration should be submitted to the jury, if there is evidence tending to establish a defense based on such failure, want, or illegality.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from County Court, Jackson County; J. M. Williams, Judge.

Action by P. O. Eatmon against J. H.

Penland, administrator of the estate of Martha C. Eatmon, deceased. From judgment in favor of defendant, plaintiff brings error. Reversed and remanded, with instructions.

L. A. Pelley and P. K. Morrill, for plaintiff in error.

E. E. Gore, T. M. Robinson, and Stansell Whiteside, for defendant in error.

Opinion by PINKHAM, C. This action was instituted by the plaintiff in error, P. O. Eatmon, as plaintiff, in the county court of Jackson county, against J. H. Penland, administrator of the estate of Martha C. Eatmon, deceased, to recover a balance of $615, alleged to be due on a promissory note executed and delivered by the said Martha C. Eatmon during her lifetime to the plaintiff, P. O. Eatmon.

The defendant, in his amended answer, denied the execution of the note, and further alleged failure of consideration. At the close of all the evidence the trial court sustained the motion of defendant for an instructed verdict against the plaintiff, to which ruling of the court the plaintiff excepted. Motion for a new trial was overruled and judgment rendered in accordance with the verdict.

To reverse the judgment the plaintiff has duly appealed to this court, and assigns numerous errors, all of which are submitted in plaintiff's brief under substantially one proposition: That the court erred in sustaining the demurrer to the sufficiency of the evidence and motion of the defendant to instruct the jury to return a verdict for the defendant.

An examination of the evidence adduced on the trial established, in effect, that the plaintiff, P. O. Eatmon, remained on the homestead of his parents after he attained his majority and performed labor on the farm until he was about 24 years old, which was in 1906 or 1907; that he then left the home of his parents; that the father of the plaintiff died in 1909. Some ten or twelve years thereafter the mother of the plaintiff, Martha C. Eatmon, deceased, on October 29, 1920, executed and delivered to the plaintiff the note sued on. The plaintiff testified that the only consideration for the note was " as a matter of a gift for my services. From the time I was 21 years old I worked on the home place. My mother was unable to keep house. I continued to reside on the place from the time my father homesteaded the place after I was 21 years old and until I was 24 years old."

It is apparent that the plaintiff in error, by the introduction and identification of the note, the proving of the signature, the testimony introduced that he was the owner and holder, and the note stating a consideration therefor, together with other testimony to the effect that the note was given for services performed for the mother and father of the plaintiff in error after he had reached his majority, raised an issue of fact which should have been submitted to the jury.

In an action on commercial paper all controverted questions of fact are for the determination of the jury. If there is anything in evidence to warrant the submission, it is the province of the jury to determine the credibility of the testimony. 8 C. J. 1060, sec. 1371.

Where there is evidence reasonably tending to sustain an issue on the part of the plaintiff and the evidence on the part of the defendant conflicts therewith, a determination thereof is for the jury. Johnson v. Rudisill, 51 Okla. 480, 152 Pac. 93.

In the case of Fid. Mut. Life Ins. Co. v. Stegall et al., 27 Okla. 151, 111 Pac. 389, it is said in the third paragraph of the syllabus:

"It is only when . the evidence, with all the inferences that the jury could justifiably draw from it, will be insufficient to support the verdict for plaintiff if a verdict in his favor is returned, that the court is authorized to direct a verdict for defendant; and unless the conclusion follows as matter of law that no recovery can be had upon any view that can be properly taken of the facts which the evidence tends to establish, the case should be left to the jury under proper instructions."

It must be conceded that the note involved here imparted a consideration, and that its introduction in evidence made out a prima facie case. The defendant had the legal right, the note being in the hands of the payee, to prove want of consideration for the same, and where sufficient proof of that fact is established to overcome the prima facie case made out by the introduction of the note in evidence, the court may as a matter of law, declare that no recovery can be had on such note, and may properly instruct the jury to return a verdict to that effect. Harper v. Davis, 115 Md. 349, 80 Atl. 1012, Ann. Cas. 1913A, 861.

We conclude, however, from an examination of the evidence disclosed by the record that the fact of no consideration for the note in question was not sufficiently estab-

lished to justify the action of the court in directing a verdict for the defendant. The one issue in the case was the failure of consideration and there being conflicting testimony upon this question it was error to instruct the jury peremptorily to return a verdict for defendant.

The case of Hapke v. Hapke, 93 Okla. 180, 220 Pac. 660, cited by defendant in error in support of the judgment of the trial court, is not applicable to the facts appearing in the instant case. A note was not involved in the Hapke Case. What was decided in that case was that "the mere fact that a parent told his child that she should be well paid for her services rendered the family after she became of age does not entitle her to recovery therefor."

Upon the whole case we think the judgment of the trial court should be reversed, and the cause remanded for a new trial.

By the Court: It is so ordered.

Note.—See 8 C. J. § 1378.