## FREDERICK et al. v. LUDWIG.

No. 15734—Opinion Filed Oct. 13, 1925.

1. **Bills and Notes—Defense of Mutual Mistake Against Payee—Erroneous Exclusion of Evidence.**

Where the payee of a promissory note sues the maker, and defendant properly pleads failure of total or partial consideration, and offers evidence to sustain the allegations of his cross-petition, that there was a mutual mistake made and certain items were included in the note, it is error in the court to exclude such offered evidence.

2. **Evidence—Parol Evidence to Show Failure of Consideration for Note.**

Parol evidence to show an entire or partial failure of consideration is not within the rule which excludes such evidence to vary or contradict the terms of a written contract; accordingly, to show partial failure of consideration of a promissory note as a defense, parol evidence of what took place at the time the note was made is admissible.

3. **Bills and Notes—Defenses—When Error to Sustain Demurrer to Evidence.**

Where L. sues F., upon a promissory note, and F. files answer and cross-petition, and introduces material, competent evidence thereof, it is error for the court to sustain a demurrer to the defendant's evidence.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from County Court, Canadian County; W. M. Wallace, Judge.

Ed Ludwig, as sole surviving member of Ludwig Brothers, a co-partnership, brings this action against Lewis Frederick and Clara Frederick. Judgment for plaintiff, and defendants appeal. Reversed, with directions.

A. G. Morrison, for plaintiffs in error.

J. L. Trevathan, for defendant in error.

Opinion by RUTH, C. The parties will be designated as they appeared in the trial court.

Plaintiff declared upon two promissory notes. One in the principal sum of $484.51 upon which a balance of $273.34 remained due and carried 10 per cent. interest and attorney's fees, and was executed by both defendants. The second note was for the principal sum of $80.83, upon which there had been paid the sum of $35, leaving a balance due, including interest, of $48.48 plus attorney's fees. This note was executed by Lewis Frederick, and plaintiff prays judgment against both defendants in the sum of $332.22 with interest from February 19, 1924, and $42.21 attorney's fees.

Defendants filed their answer and cross-petition in which they admit the execution of the notes, but allege they were executed through a mutual mistake as to the amounts due; that there should be credited on the notes $31 for goods not delivered, and with $47, which was not a proper charge upon the book account. For their cross-petition defendants allege that in August, 1922, they paid upon the said note the sum of $191.80 when the interest at 10 per cent. would have amounted to but $60, and plead usury and pray judgment in the sum

of $383.60. No reply was filed to defendants' answer, and no answer was filed to defendants' cross-petition.

A jury was duly impaneled and sworn to try the cause. Defendants, having admitted the execution of the notes, assumed the burden of proof, and at the conclusion of defendants' testimony, plaintiff interposed his demurrer. The court sustained the demurrer, discharged the jury, and the court rendered judgment for plaintiff in the sum of $335.48, and $43.54 attorney's fees, and defendants appeal.

It appears from the record there had been a course of dealing between plaintiff, who was a merchant, and defendants, who were farmers, covering a period of several years, the defendants having purchased merchandise of the value of $2,825.70, upon which payments had been made during the period of the dealings. The defendants offered in evidence the statements of account from Ludwig Brothers from April 30, 1920, showing all items purchased from plaintiff during the course of dealings. These statements issued by plaintiff were itemized, and showed amounts ranging from five cents for a set-screw up to $550 for a motor for an engine. Clara Frederick testified she knew the total amount of the statements. The statements were identified and marked "Defendant's Exhibits A, B, C," and offered in evidence. The court sustained objections of counsel for plaintiff and excluded the testimony for the reason that "the statements are back prior to the execution of the contract (the notes) and are not relevant." Defendant offered to prove the statements of account showed the interest charges, the first interest charge of $27.33 being as of January 16, 1919; that the account was an open or running account; that interest was charged on accounts prior to the purchase of the articles therein mentioned; that the interest was then charged in the note through mutual mistake of both parties. Defendant then offered to prove the total amount of merchandise purchased from plaintiff as shown by plaintiff's statement was $2,825.70, and defendants had paid to date $3,046.10. All this testimony was objected to by plaintiff and the objection sustained by the court. Clara Frederick testified that when they went to Ludwig's store, they had a dispute about some canvas belting, amounting to $28.50, and Ludwig "took that off." That there was a mistake in the charge for binder twine, defendants being charged $207 when it should have been but

$120, the twine being charged at the rate of 40 cents per pound. Plaintiff admitted this must be an error of his son, but insisted on defendants signing the note, and they executed the same upon the assurance of the plaintiff that he would correct any errors and credit them on the note. This evidence was excluded by the court.

Defendants also offered to prove $56.99 interest was included in the note, and this interest was charged on a running account and was included by mutual mistake. This evidence was also excluded by the court.

The defendant testified the $80.83 note was for interest on the original note and that they had paid $25 interest on September 1st, and $25 interest on October 19th.

The plaintiff did not reply to defendants' answer or answer defendants' cross-petition, and introduced no evidence in contravention of defendants' evidence, and the court sustained the demurrer to the defendants' evidence, discharged the jury, and rendered judgment for plaintiff.

Section 7698, Comp. St. 1921, provides:

"Absence or failure of consideration is matter of defense against a person not a holder in due course, and partial failure of consideration is a defense, pro tanto, whether the failure is an ascertained amount or otherwise."

In Jesse French Piano & Organ Co. v. Bodovitz, 73 Okla. 87, 174 Pac. 765, this court cites with approval 10 R. C. L. 1052, where the following rule is announced:

"Parol evidence to show an entire absence or a partial or total failure of consideration is not within the rule which excludes such evidence to vary or contradict the terms of a written contract. Accordingly, to show partial failure of consideration of a promissory note as a defense, parol evidence of what took place at the time the note was made is admissible."

And at p. 1059, R. C. L. 10, it is said:

"The evidence of a contemporaneous parol agreement between the parties under the influence of which note or contract has been signed, which is violated as soon as it has accomplished its purpose in securing the execution of the paper, may always be shown when the enforcement of the paper is attempted."

Again, in 3 R. C. L. p. 945, it is said:

"The early doctrine was that the defendant in an action on a bill of exchange or promissory note could not set up as a defense a partial failure of consideration, but must seek redress in an independent action. But recent authority has adopted the view that a failure of consideration, as well partial as total, may be introduced, legitimately, in evidence in an action at law, upon a promissory note, because the defense may diminish the multiplicity and circuity of actions, which it is the policy of the law to discourage; and it may be taken to be settled that a partial failure of consideration is a good defense pro tanto to an action upon the note by the payee, or by an indorsee who has taken it under such circumstances that he can stand only on the rights of the payee."

"Where there has been a mistake of fact parol evidence is admissible to rectify it." Pierson v. McCahill, 21 Cal. 123, 23 Cal. 250; Sutton v. Sutton, 25 Ga. 383; Ward v. Allen, 28 Ga. 74; Keisselbrack v. Livingston, 4 Johns Ch. 144; Bush v. Tilley, 49 Barb. 599; Newsom v. Buffdow, 1 Nev. Eq.

"Mistake may be shown to relieve a party from his apparent liability." Farwell v. Ensign (Mich.) 33 N. W. 734.

In Holland Banking Co. v. Dicks, 67 Okla. 228, 170 Pac. 253, this court held:

"Where an action is brought by the original payee against the maker upon a promissory note, it may be pleaded as a defense that the amount of the note was greater than the balance due, for which said note was given and to the extent of such proved excess said note is without consideration, and evidence to support said partial want of consideration in the note sued upon is not in contravention of the rule that the terms of an unambiguous written instrument cannot be varied by parol."

Under the decided weight of authorities, we are of opinion the court erred in excluding the evidence herein set forth, and even with this evidence excluded, there was sufficient evidence of mistakes and overcharges and the agreement at the time of the execution of the note that plaintiff would rectify these mistakes and give credit on the note therefor, to entitle the defendants to go to a jury, and the trial court erred in sustaining the plaintiff's demurrer to the defendants' testimony, and in discharging the jury and rendering judgment for the plaintiff, and for the errors herein set forth, the judgment of the trial court should be reversed, with directions to grant the defendants a new trial in conformity with this opinion.

By the Court: It is so ordered.

Note.—See under (1) 8 C. J. p. 1027, § 1341. (2) 8 C. J. p. 1025, § 1339; 22 C. J. p. 1165, § 1559; anno. 43 L. R. A. 449, et seq.; 3 R. C. L. pp. 943-945; 1 R. C. L. Supp. 928; 4 R. C. L. Supp. p. 223; 10 R. C. L. 1052; 2 R. C. L. Supp. p. 1146; 4 R. C. L. Supp. p. 689. (3) 8 C. J. p. 1060, § 1371.