Note.—See 29 Cyc. p. 849; anno. 47 L. R. A. 3. 20 R. C. L. p. 283; 5 R. C. L. Supp. p. 1095.

---

## WHITE et al. v. KEMPER MILITARY SCHOOL.

No. 18507.   Opinion Filed July 24, 1928.

Rehearing Denied Sept. 18, 1928.

(Syllabus.)

**Bills and Notes—Consideration Presumed—Absence or Partial Failure of Consideration as Defense.**

Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration; and every person whose signature appears thereon to have become a party thereto for value. Absence or failure of consideration is a matter of defense as against any person not a holder in due course, and partial failure of consideration is a defense pro tanto, whether the failure is an ascertained and liquidated amount or otherwise.

Error from County Court, Caddo County; R. L. Lawrence, Judge.

Action by Kemper Military School against Frank White and another. Judgment for plaintiff, and defendants appeal. Affirmed.

W. R. Wheeler, for plaintiffs in error.

Pruett & Wamsley, for defendant in error.

HEFNER, J. The Kemper Military School, a corporation, the defendant in error, brought this action against the plaintiffs in error, Frank White and Frank Methvin, in the county court of Caddo county to recover upon two certain promissory notes for the sum of $300 each. Copies of the notes were attached to the petition.

The defendants in their answer admitted the execution of the notes, but pleaded they were given in consideration of the schooling of Wallace White, the minor son of Frank White, and admitted that he attended school for the time covered by the notes. They pleaded, however, as a defense that the plaintiff had not delivered to them a certificate showing the advancement, classification, and accomplishments of Wallace White for the length of time he attended school. This is the only defense claimed. The answer further pleaded that the schooling was paid for with the notes, and because the plaintiff had not given the certificate showing the credit, classification, etc., the consideration for the notes had failed. They did not plead a demand for the certificate, neither was any evidence introduced showing that a demand had ever been made therefor. To this answer the plaintiff filed a reply and admitted that the notes were given for tuition, room, board and schooling in general of Wallace White, and pleaded that he was not given a certificate because the notes sued on had not been paid, and tendered into court the credits and classification of Wallace White.

Upon the case being submitted to the jury a verdict was returned for the plaintiff in the sum of $736.

The facts show that Wallace White did attend Kemper Military School and he made a good record. No complaint is made of his treatment nor of the instruction he received. On February 1, 1926, Frank White, one of the defendants herein, wrote the plaintiff this letter:

"Dear Sir: I am in receipt of your letter of the 20th ult. addressed to Mrs. F. W. Methvin, the mother of Wallace White. I have been trying to get money matters so arranged to pay these notes off, but we had many disappointments in the agricultural line the last year, and crops have not moved to market as readily as usual; I hope to get this debt paid some time this month.

"We were caught with too much property when the price went down and have struggled to keep the taxes and other expenses paid and only by sacrificing can we meet the notes this spring.

"I am very grateful to you for your for-

bearance and we do appreciate the extended time you have granted us.

"Wallace is doing radio this year but just beginning. He cannot help me with the payment.

"I feel sure we can make the hill very soon, and ask you to give us a month to pay.

"Yours very respectfully,
"Frank White."

This letter was written long after the boy was in school and shortly before this suit was filed. There is no complaint therein contained that the proper certificates had not been given the boy. At the time this letter was written he had been in the navy some time. The record does not contain an intimation that the defendants had ever requested or made any demand for the credits.

The boy attended the school, received his board and tuition, and made a splendid record. He, therefore, received the consideration for which the notes were given. He received the same schooling, the same attention, as if his tuition had been paid in cash. If the boy had been damaged as a result of the failure of the plaintiff to deliver a certificate showing his credits, then whatever damage he suffered because of the refusal of the plaintiff to deliver the certificate showing the credits would be a proper offset. No claim, however, is made that he was damaged. The only claim is that of failure of consideration.

Frank White, one of the defendants, testified that he executed the notes in payment of the boy's tuition and schooling in lieu of cash. On cross-examination he testified as follows:

"Q. When did Wallace go to school? A. He went in 1923-24. Two semesters, 1923 and one in 1924, I think. Q. The Kemper Military School furnished room and board as well as tuition and instruction? A. Yes, sir. Q. And these notes were given for tuition and room and board? A. You might term it that way."

He testified that the notes were given for tuition, room and board. Then the real consideration for the notes under this testimony was the tuition, room and board. This he received. Then under defendants' own testimony there was really no failure of consideration. The court, however, did submit to the jury the question of the failure of consideration, and one of its instructions was as follows:

"You are further instructed, gentlemen, that failure of consideration as a defense, is defined as: Absence or failure of consideration is a matter of defense, as against

any person, not a holder in due course and partial failure of consideration is a defense pro tanto, whether the failure is an ascertained and liquidated amount or otherwise."

Section 7698, C. O. S. 1921, defines failure of consideration as follows:

"Absence or failure of consideration is a matter of defense as against any person not a holder in due course, and partial failure of consideration is a defense pro tanto, whether the failure is an ascertained and liquidated amount or otherwise."

The instruction given follows very closely the language of the statute. Again, the court instructed the jury as follows:

"In this case, gentlemen of the jury, the burden of proof is upon the defendants to establish by the preponderance of the testimony, the lack of consideration of the notes herein sued on."

The court correctly charged the jury that the burden of proof was upon the defendants to establish by the preponderance of the evidence the lack of consideration.

Complaint is made of other instructions given by the court but, taken as a whole, the instructions fairly presented to the jury the law on the failure of consideration. If there was any error in any of the instructions it was harmless because the defendants were not deprived of any of their substantial rights.

The judgment of the trial court is affirmed.

LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See 8 C. J. p. 744, §1017; p. 754, §1023; p. 992, §1296; 3 R. C. L. p. 925.