## MITCHELL et al. v. FINANCE RESERVE CO.

No. 20050' Opinion Filed June 23, 1931.

Rehearing Denied July 28, 1931.

J. T. Wheeler, for plaintiffs in error.

Bowling & Farmer, for defendant in error.

LESTER, C. J. The parties on appeal appear in the reverse order to that in the district court, and will be referred to as they appeared there.

The plaintiff brought suit on a note executed by the defendants in favor of St. Mary's Oil Engine Company of St. Charles, Mo., and in its petition alleged that said note had been indorsed in due course by the payee thereon to the plaintiff, and that the plaintiff was the owner and holder of said note in due course.

The defendants filed an unverified answer in which they deny that the plaintiff was the owner and holder of said note in due course, and also allege the failure of consideration by reason of certain warranties made by the original payee.

At the trial of said cause, the only evidence offered by the defendants showing that the plaintiff was not the owner and holder of the said note in due course was certain questions and answers propounded on cross-examination by the defendants to a witness who was the president of the plaintiff's corporation at Chicago, and whose testimony was taken by the plaintiff before a notary public; the questions being as follows:

"Q. What agreement had you with the St. Mary's Oil Engine Company as to the collection of said note when it matured in the event that payment was refused by the maker of the note? A. Our agreement was that every effort would be made to collect from the maker of the note before securing payment from the indorser. Q. Was such an agreement verbal or in writing? A. Such an agreement was verbal. Q. With what member of your company was that agreement made? A. Myself. Q. Why did you have such an agreement? A. I refuse to answer."

Mr. Wheeler, attorney for the defendants, stated in open court:

"That is all the testimony on that point. Now, we have no direct testimony that he had any knowledge of this matter except what was brought out by him, and he stated that he did not have, and then when we seek to elicit what was done in order that we may know whether he did or not have such notice, he refuses to answer, and that is as far as we can go."

Thereupon a demurrer was duly lodged by the plaintiff to the defendants' testimony, and the court sustained the demurrer and withdrew the cause from the jury and entered judgment for the plaintiff.

Section 7729, C. O. S. 1921, provides:

"Every holder is deemed prima facie to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove he or some person under whom he claims acquired the title as a holder in due course. But the last-mentioned rule does not apply in favor of a party who became bound on the instrument prior to the acquisition of such defective title."

In the case of White v. Kemper Military School, 132 Okla. 189, 270 Pac. 31, it is said:

"Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration, and every person whose signature appears thereon to have become a party thereto for value. Absence or failure of consideration is a matter of defense as against any person not a holder in due course."

Under the record in this case, the trial judge was warranted in withdrawing the cause from the jury and rendering judgment for the plaintiff.

Judgment is affirmed.

CLARK, V. C. J., and HEFNER, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.

RILEY and CULLISON, JJ., dissent.