## STATE ex rel. SHULL, Bank Com'r, v. INGLE.

No. 21836.   Feb. 20, 1934.

J. F. Murray, for plaintiff in error.

Maris & Maris, for defendant in error.

PER CURIAM. This case was appealed from the district court of Kay county, Okla. The parties will be referred to as they appeared in the trial court, the plaintiff in error being the plaintiff in the district court, and the defendant in error being the defendant in the district court.

The facts in this case are briefly as follows: That on the 15th day of June, 1927, the defendant, Hattie Ingle, made, executed, and delivered to the Deposit Guaranty State Bank of Ponca City, Okla., a certain promissory note dated June 15, 1927, for $230.65, payable 90 days after date; that the defendant was asked by J. M. Allison, who was then the president of the bank and the guardian of C. A. Lessert, to execute said note for the purpose of making a payment upon an automobile which had been purchased for the said C. A. Lessert by J. M. Allison, his guardian; that at the time said

note was executed, Allison, who was then president of the bank and guardian for the said Lessert, told the defendant that said money would be used to make a payment upon the car; that the bank failed on July 8, 1927, and was taken over by the Bank Commissioner of the state of Oklahoma; that a day or two prior to the time said bank was taken over by the Bank Commissioner, the defendant executed two checks, one for the sum of $25 and one for the sum of $200, made payable to said C. A. Lessert, indorsed by him, paid by the bank, and placed to the credit of said C. A. Lessert; that on July 7, 1927, a draft was issued by said bank to the Storener Motor Car Company and signed by J. M. Allison, cashier, drawn on the Drovers National Bank of Kansas City, Mo., and that said draft was protested on July 14, 1927, for nonpayment.

The defendant in this case in her answer pleads failure of consideration of the note. Trial was had to a jury, under instructions of the court, and a verdict was returned for the defendant.

The plaintiff in error asks reversal of this case on nine assignments of error which are argued under the fourth and fifth assignments of error, namely, error of the court in permitting introduction of parol testimony in behalf of the defendant over the objection of the plaintiff showing the true consideration for the execution of said note, and error of the court in giving instruction No. 4.

Such a question as to admissibility of testimony was decided in Jesse French Piano & Organ Co. v. Bodovitz, 73 Okla. 87, 174 P. 765, wherein this court held:

"The evidence of a contemporaneous parol agreement between the parties under the influence of which a note or contract has been signed, which is violated as soon as it has accomplished its purpose in securing the execution of the paper, may always be shown when the enforcement of the paper is attempted."

Under that rule, evidence of the consideration for the note and the purpose for which it was executed was admissible. The trial court committed no error in admitting this testimony.

As to the fifth assignment of error argued by the plaintiff, a similar question was presented to the Supreme Court of New York in the case of Union Bank of Brooklyn v. Fleitman, 153 N. Y. Supp. 929, wherein that court held:

"A bank to whom an individual had given notes in consideration of its promise to advance equal amounts to another bank, in which the maker was interested at the time the notes became due, cannot recover on the unpaid notes, where it had refused to pay the corresponding installments to the other bank, even though judgment had been rendered for such installments, if that judgment had not yet been satisfied."

Prior to the time that suit had been instituted on this note, a claim had been made by the Storener Motor Car Company and presented to the liquidating agent of the bank, asking that the claim be allowed against the assets of the failed bank, and that said claimant be allowed to participate in the assets of said failed bank. The Bank Commissioner, through the liquidating agent, denied the validity of said claim, and refused to allow the same. Since the Bank Commissioner and the liquidating agent have denied liability on the primary obligation created by the fund for which the note was executed, we can see no good reason why, after they have repudiated this claim and denied liability on the same, and the bank was not prejudiced and had paid out nothing by reason thereof, that it should now be allowed to recover from the defendant. It needs no citation of authorities to hold that a person cannot deny liability under the terms of a contract and later claim benefits from the same transaction.

The judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of District Judge W. G. Long, who assisted in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter the opinion, as modified, was adopted by the court.