ROBERTS et al. v. BOYDSTON.

97 P. 2d 898.

No. 28792.   Dec. 12, 1939.

Rehearing Denied Jan. 16, 1940.

Jesse Taylor, of Woodward, for plaintiffs in error.

A. W. Billings and W. Earl Baker, both of Woodward, for defendant in error.

HURST, J.   Frank Boydston sued Harold Roberts and George Roberts, doing business as Oklahoma Tire Associated Store, on a promissory note in the sum of $600. The defense was failure of consideration. Plaintiff surrendered his note and produced no evidence.

Defendants introduced evidence to show that prior to the execution of the note in question, plaintiff and the two defendants were partners. The partnership was indebted in the sum of about $2,000 to the Richards-Conover Hardware Company on an open account. Plaintiff was also a salesman for that company. On August 17, 1937, defendants gave plaintiff the note sued on, and also $400 cash, for plaintiff's interest in the partnership and his promise to keep the Richards-Conover Hardware Company from demanding payment of their account until January, 1938. Plaintiff wholly failed to keep his promise

with reference to keeping the hardware company from pressing their claim, and apparently never mentioned the matter to them. As a result the defendants were compelled to give the hardware company a chattel mortgage on their business at a higher rate of interest than they formerly had to pay on their open account. Objections to questions as to the value of plaintiff's interest in the business were sustained as immaterial and counsel for defendants made no offer of proof.

The trial court directed a verdict in favor of plaintiff for the amount of the note less the difference in the interest required under the open account and that required under the chattel mortgage which defendants were obliged to give to the Richards-Conover Hardware Company. Defendants bring this appeal.

1. We think the trial court erred in not submitting the case to the jury. As between the original parties to a note, or between the payor and any person not a holder in due course, the consideration for the note may always, in the absence of estoppel, be inquired into, and failure of consideration constitutes a good defense. Oilton State Bank v. Ross (1924) 108 Okla. 24, 234 P. 567. Total failure of consideration is a complete defense. Section 11327, O. S. 1931, 48 Okla. St. Ann. § 75. The question of failure of consideration should be submitted to the jury, if there is any evidence reasonably tending to establish a defense based on such failure. Eatmon v. Penland (1925) 106 Okla. 76, 232 P. 945.

It is not altogether clear from defendants' answer whether they plead total or partial failure of consideration, but construed in its entirety, we think defendants rely upon the plea of total failure.

The defendant George Roberts testified as follows:

"Q. What was the consideration you got for signing that note? * * * A. Well, I should have got an extension of credit. * * * Q. You have agreed that you signed

it and that you were to get a consideration for it. I want you to tell the jury in your own words what the contract was—your part in it. A. We were supposed to get an extension of credit on the merchandise that we bought from Rich-Con."

We think this evidence was sufficient to justify a reasonable inference that the promise of plaintiff was the sole consideration for the note sued on, and as it is clearly established that plaintiff failed to carry out his promise, the question of whether there was a total failure of consideration was for the jury.

2. Inasmuch as the case must be retried, we desire to make the following observations for the guidance of the trial court. Although defendants have pleaded a total failure of consideration, it is our view that under such plea they may prove a partial failure of consideration. 8 Am. Jur. 577, § 979; McMillan v. Gardner (1912, Kan.) 128 P. 391, Ann. Cas. 1914B, 755. However, there is authority to the contrary. See cases collected supporting each view in Ann. Cas. 1914B, 758; Brannan's Neg. Inst. Law (4th Ed.) § 28, p. 257.

Section 11327, supra, provides that "partial failure of consideration is a defense pro tanto, whether the failure is an ascertained and liquidated amount or otherwise."

The question then arises as to how to determine the amount to be deducted from the note by reason of a partial failure of consideration. Surprisingly, we find very little discussion of this question in the texts and reported cases. The trial court apparently assumed that part of the consideration for the note was plaintiff's interest in the partnership and part was for the promise with reference to the debt owed the hardware company, and then computed the amount to be deducted from the note by ascertaining the damages sustained as a result of the breach of the agreement. In other words, instead of apportioning the consideration and limiting recovery to the value of the consideration that did not fail, the court considered the defense as

a right to offset for the damages caused by breach of contract. Under this view the court excluded evidence as to the value of plaintiff's interest in the partnership as immaterial.

The statute above quoted appears as section 28 of the Uniform Negotiable Instruments Law. Prior to the passage of the Uniform Negotiable Instruments Law, in many jurisdictions the partial failure of consideration in an unliquidated amount was a matter of independent suit or cross-action which would in the nature of things render the measure of defendant's recovery or offset a question of damages. Sharp v. Sharp (1915) 4 Ohio App. 418.

Thus in the early Oklahoma case of Hagan v. Bigler (1897) 5 Okla. 575, 49 P. 1011, it was said that "the defendant might show a total failure to keep such agreements (representing the consideration for the note) in defense of an action on this note, or a partial failure in recoupment of damages." "Recoupment" is defined in Cyclopedic Law Dictionary as "that right of the defendant, in the same action, to claim damages from the plaintiff, either because he has not complied with some cross obligation of the contract," etc. This was prior to the adoption of the Uniform Negotiable Instruments Law in this state. The statute, however, changed this rule and authorized an unliquidated partial failure of consideration to be interposed, not in recoupment or offset, but as a "defense," like total failure or a liquidated partial failure prior to the Uniform Negotiable Instruments Law. In case a total failure of consideration is established as a defense, as authorized by the statute, the amount of damages sustained by defendant would not be deducted from the note, but rather plaintiff would be denied recovery. So in case of partial failure authorized as a "defense pro tanto" (meaning "for so much; to that extent," 50 C. J. 417), we think the measure should be the *extent* of the partial failure of consideration, rather than the damages sustained by defendant by reason of the partial failure of the consideration for the note.

Thus, where, as here, the consideration of a note consists of two separate things: (1) an interest in a partnership, and (2) an agreement to obtain an extension of credit for the partnership, and the agreement is breached, the defense of partial failure of consideration should be computed by determining what portion of the note was given for the interest in the partnership and what portion for the agreement, and recovery allowed for the part as to which the consideration has not failed. In that way the extent of the partial failure would be determined. The amount of damages sustained by reason of the breach of agreement would appear to be the measure for recoupment or cross-action under the law prior to the passage of the statute.

In El Dorado Nat. Bank v. Eikmeier (1931, Kan.) 300 P. 1085, 1089, a similar situation was presented. The court said:

"If the stock of the Sparta Petroleum Company actually entered into the consideration of the notes given, then it would seem, from the evidence, that the consideration of the notes consisted of two things: (1) the stock of the Sparta Petroleum Company, and (2) the agreement to secure a block of leases and to drill a well on defendants' land. Under the evidence the latter of these failed completely. In that event the question would have to be determined: What portion of the consideration was for the stock, and what portion for the agreement? No more could be recovered than the value of the stock. Dewey v. Bobitt, 79 Kan. 505, 100 P. 77. If it should be determined that the sole consideration for the giving of the notes was the agreement above mentioned, then naturally there would be a total failure of consideration. These questions should have been submitted to the jury."

So here, the question of whether the cash was the consideration for the interest in the partnership and the promise was the whole consideration for the note, or whether the interest in the partnership and the promise both were the consideration for the note, and if so what portion of the consideration each repre-

sents are matters for the jury. Under this view the court should permit testimony, rejected in the trial below, as to the value of the interest in the partnership, as bearing upon these questions. The matter of apportionment need not reach arithmetic certainty. As stated in El Dorado Nat. Bank v. Eikmeier, supra:

"We see but little, if any, more difficulty in the question than in those which frequently confront courts and juries in determining unliquidated damages, or unliquidated sums due in other cases."

Judgment reversed, with directions to grant a new trial.

RILEY, OSBORN, CORN, and DANNER, JJ., concur.