**W. H. STRICKLAND, Plaintiff in Error,**

v.

**Clark HETHERINGTON, Defendant in Error.**

No. 38433.

Supreme Court of Oklahoma.
May 24, 1960.

Bailey & Whitlock, Norman, for plaintiff in error.

Homer Cowan, Norman, for defendant in error.

WELCH, Justice.

This appeal is by the defendant from a judgment for plaintiff based upon a directed verdict.

Plaintiff and defendant entered into a contract whereby the defendant was to construct a house for plaintiff according to certain plans and specifications on a turn-key basis for a fixed sum. Plaintiff was to advance payments to defendant as the building progressed in order that defendant may pay for material as purchased. During the building of said house the parties from time to time agreed to make certain changes desired by the plaintiff, which entailed additional expense. Upon completion of the work there were outstanding bills for material in excess of $3,500 which had not been paid by defendant, and plaintiff had to pay in order to avoid a lien upon his house. It is the contention of plaintiff, and he so testified, that the note sued upon, which was in the sum of $3,500 was executed in consideration of the amount the defendant owed him for advancements which were not applied upon materials. It is the contention of the defendant, and he so testified, that the note was executed by him in favor of plaintiff in consideration of a promise to take him in on an extensive building program and permit him to supervise said building program at a fixed salary plus a percent of the net profits, and that the net profits were to be applied on the note until paid. Defendant also testified that plaintiff carried out his plans for the building program, but failed to use him as agreed, and that by such failure there was no consideration for the execution of the note.

Although there was typed on the back of the note a statement to the effect that defendant agreed to apply any and all net

profits from houses he built to retire said note, and signed by the defendant, we cannot see that this has any material effect upon the obligation. Therefore we are of the opinion that the note, together with said statement, standing alone is a clear legal obligation against the defendant. However, Title 48 O.S.1951 § 75, provides:

"Absence or failure of consideration is matter of defense as against person not a holder in due course; and partial failure of consideration is a defense pro tanto, whether the failure is an ascertained and liquidated amount or otherwise."

■ In support of the judgment of the trial court the plaintiff contends that parol evidence is inadmissible to contradict or vary the terms of a contract, in the absence of either fraud, accident, or mistake in its procurement. Several cases from this court are cited as authority in support of this rule of law.

We agree that this is the general rule, however, in the case at bar it does not appear to us that the parol evidence was offered to vary the terms of the note or contract, but was offered to show that no consideration passed to the defendant in return for his execution of the note. In the case of Frederick v. Ludwig, 112 Okl. 217, 240 P. 1049, we held:

"Parol evidence to show an entire or partial failure of consideration is not within the rule which excludes such evidence to vary or contradict the terms of a written contract; accordingly, to show partial failure of consideration of a promissory note as a defense, parol evidence of what took place at the time the note was made is admissible."

In syllabus 3 of the same case we held:

"Where L. sues F. upon a promissory note, and F. files answer and cross-petition, and introduces material, competent evidence thereof, it is error for the court to sustain a demurrer to the defendant's evidence."

Also see Planters Trading Co. v. Golden Grocery Company, 139 Okl. 246, 281 P. 771; Harvey v. Thomas, 150 Okl. 106, 300 P. 772; Mitchell v. Fayette Bank & Trust Co., 149 Okl. 64, 299 P. 498; First National Bank of Poteau v. Allen, 88 Okl. 162, 212 P. 597; Mitchell v. Finance Reserve Co., 151 Okl. 92, 1 P.2d 717; State ex rel. Shull v. Ingle, 167 Okl. 377, 29 P.2d 959, and Davidor v. Smith, Okl., 309 P.2d 272.

Thus we conclude that where lack of consideration for a note is pleaded as a defense, parol evidence may be presented to show the lack of consideration.

■ Now we are confronted with whether there was sufficient evidence of lack of consideration for submission of said question to a jury.

In Eatmon v. Penland, 106 Okl. 76, 232 P. 945, we held:

"Where the consideration of a note is disputed and there is conflicting testimony, the jury must decide the point. The question of failure or want of consideration or illegality in the consideration should be submitted to the jury, if there is evidence tending to establish a defense based on such failure, want, or illegality."

In the above case the court said:

"In an action on commercial paper all controverted questions of fact are for the determination of the jury. If there is anything in evidence to warrant the submission, it is the province of the jury to determine the credibility of the testimony. 8 C.J. 1060, § 1371.

"Where there is evidence reasonably tending to sustain an issue on the part of the plaintiff, and the evidence on the part of the defendant conflicts therewith, a determination thereof is for the jury. Johnson v. Rudisill, 51 Okl. 480, 152 P. 93.

"In the case of Fidelity Mut. Life Ins. Co. v. Stegall, 27 Okl. 151, 111 P. 389, it said in the third paragraph of the syllabus:

" 'It is only when the evidence, with all the inferences the jury could justifiably draw from it, will be insufficient to support the verdict for plaintiff, if a verdict in his favor is returned, that the court is authorized to direct a verdict for defendant, and, unless the conclusion follows as a matter of law that no recovery can be had upon any view that can be properly taken of the facts which the evidence tends to establish, the case should be left to the jury under proper instructions.' "

Also see Roberts, et al. v. Boydston, 186 Okl. 336, 337, 97 P.2d 898.

■ It must be conceded that the note involved here imported a consideration, and that its introduction in evidence made out a prima facie case. The defendant had the legal right, the note being in the hands of the payee, to prove want of consideration for the same.

■ The testimony of the defendant herein was to the effect that plaintiff represented to him that he was in hard financial shape because the cost of the house had run more than he anticipated, and if he would accommodate him by signing a note for $3,500 that he knew where he could get the money to go ahead and pay for the expense of construction; that defendant first refused to sign it, then plaintiff told him of an extensive building program he was going to do; that they had discussed this building program before. That plaintiff knew nothing about the building trade, and would need a superintendent to supervise the building; that he would have defendant do this for him and that they agreed to the salary and a percentage of the profits, and then defendant agreed under consideration of this arrangement he would sign the note. Defendant's testimony is to the effect he did not owe plaintiff any money at the time, and that he agreed to let the net profits from the houses built pay off the note. A notation to that effect appears on the back of the note. Defendant further testified that he was never given the position as superintendent at a salary, or an opportunity to share in the profits of the building program which plaintiff did in fact enter into.

We are of the opinion that should this evidence be considered true, together with the inferences reasonably to be drawn therefrom, and any conflicting evidence favorable to the defendant be disregarded, the court could not say that reasonable men would necessarily draw the same conclusion. Therefore we are of the opinion said cause should have been submitted to the jury. Fleming, et al. v. Hodgson, 199 Okl. 261, 185 P.2d 181, and Harvey v. Thomas, supra.

■ It is next contended by the defendant that this case was once before fully tried to a jury on September 30, 1953, and a verdict was rendered; that exactly the same issues of fact were involved; that the case-made on the first appeal, Supreme Court No. 36,454, reveals the same testimony; that the same argument was presented there by the plaintiff, to-wit:

"Where neither fraud nor mutual mistake is pleaded as a defense to a suit brought upon a promissory note, the plain terms of a promissory note cannot be varied by parol evidence."

Therefore this court could review the original record herein under appeal No. 36,454, and if no error appears therein, reverse the former memorandum decision, affirm the judgment, and dismiss this present action.

The authorities cited by defendant to support this contention, upon examination, show that the court has in some instances reviewed and reversed its former decisions in the same case upon the second appeal, where it was satisfied that gross or manifest injustice had been done by the former decision.

However, it is clear that such doctrine does not apply to the instant appeal, inasmuch as no legal questions were considered in disposing of the first appeal. The judgment of the trial court was reversed on the first appeal because of the failure of the

defendant in error to file a brief as required by the rules of this court. This cannot be considered a gross injustice.

Therefore for the reasons stated the judgment here appealed from is reversed, and the cause is remanded, with directions for the trial court to proceed not inconsistent with the views herein expressed.

DAVISON, C. J., WILLIAMS, V. C. J., and BLACKBIRD, JACKSON, IRWIN and BERRY, JJ., concur.