SANCO FINANCE COMPANY, Inc., a corporation, Plaintiff in Error,

v.

John B. CANON, Mrs. J. B. Canon and Paul Canon, Defendants in Error.

No. 40477.

Supreme Court of Oklahoma.

April 14, 1964.

Paul L. Washington, Oklahoma City, for plaintiff in error.

Jake Hunt, Oklahoma City, for defendants in error.

HALLEY, Vice Chief Justice.

Plaintiff, Sanco Finance Company, filed a petition alleging that defendants for a good and valuable consideration executed

and delivered to plaintiff their promissory note in the amount of $856.08, that defendants failed to pay according to the terms of the note, and that there was due the sum of $500 plus interest and attorney's fees. Defendants (John B. Canon, Mrs. J. B. Canon, and Paul Canon) answered, admitting that they executed the note "promising to pay certain sums of money", and alleging that " * * * defendants were willing and able to pay to the plaintiff the sum of money that they owed to said plaintiff but refused to pay any sums of money in excess of what is reasonable and proper based upon the amount of money loaned and interest rate not to exceed 10% per annum * * * less the sums of money heretofore paid by the defendants to the plaintiff on said note." Defendants also asserted a counterclaim, alleging that this matter involved a loan of money, that usurious interest was charged and praying for double the amount of such interest. The case was tried to the trial court without intervention of a jury. The trial court made findings of facts and conclusions of law and entered judgment for plaintiff in the sum of $202, and attorney's fees of $47. Inherent in the judgment is a finding against defendants on their counterclaim. Plaintiff and defendants filed motions for new trial. All such motions were overruled and plaintiff appeals.

The evidence in the case was that defendants went to a used car lot and negotiated for the purchase of a used car. Defendants desired to pay some money down and the balance of the purchase price in installments. The used car dealer contacted plaintiff to tell plaintiff that he had a "deal" or was working on one, to tell plaintiff who was buying the car so that a credit report on them could be obtained, and to see if plaintiff would "accept the deal." Plaintiff later called the dealer back and advised him that it accepted. Defendants thereupon paid $100 in cash to the dealer and executed the promissory note. The dealer endorsed the note to plaintiff on the

same day, and plaintiff paid to the dealer $495, which was the exact amount of the balance of the purchase price of the used car, as we will discuss below. Thereafter defendants made payments to plaintiff, under the provisions of the note, totalling $392.

The testimony as to the purchase price of the automobile came from the dealer who testified for plaintiff. He testified that there were two ways to sell a used car, by cash payment or by time payment. On cross-examination he testified that the price of the used car sold to defendants was $595, of which $100 was paid in cash and the difference was $495. There was no other testimony as to the price of the automobile. Such evidence warranted a finding that the time payment selling price of the automobile was $595, of which $100 was paid in cash and the remainder of $495 was to be paid in installments. This was the finding made by the trial court and it is supported by competent evidence.

Another finding of fact made by the trial court was:

"This court further concludes that the original note should have been made out for $495 with interest at 10% for a period of 24 months * * *."

We interpret this to be a finding that there was a partial failure of consideration for the promissory note in any amount above $495, plus interest. This was a proper finding because defendants' answer raised the defense of partial failure of consideration, when they alleged that the amount of the note was greater than the balance due for which the note was given; and defendants admitted that they owed interest of 10% per annum on the loan. Partial failure of consideration is a defense pro tanto to an action on a promissory note, except as against an innocent holder in due course. 48 O.S.1961 § 75; Deming Inv. Co. v. Shannon, 62 Okl. 277, 162 P. 471; Roberts v. Boydston, 186 Okl. 336, 97 P.2d 898. Plaintiff did not allege that it was a

holder in due course and there was no evidence that it was. At the close of all evidence, plaintiff requested permission and was permitted to amend the petition to conform to the proof on the matter of assignment of the note to plaintiff. However, the proof showed that plaintiff had knowledge of the facts concerning the partial failure of consideration: plaintiff was advised about the "deal", plaintiff "accepted the deal", and plaintiff paid the used car dealer the $495, which is the exact amount of the note that is supported by consideration. Plaintiff did not take the note in good faith and without notice of infirmities as is required of a holder in due course. 48 O.S.1961 § 122.

The trial court's judgment of $202 was based on a note supported by consideration in an amount of only $495, plus interest of 10% per annum, or $49.50 per year for two years, making a total of $594. From this was deducted defendants' payment of $392. The judgment was for $202, which is the difference between the $594 and the payment of $392. Whether this type of transaction comes under the usury laws of the State, and, if it does, whether the transaction was usurious is not before this Court on appeal as the defendants did not perfect an appeal from the order overruling their motion for new trial.

Plaintiff contends that the trial court should not have considered the defense of usury in this action. Usury was alleged in defendants' counterclaim, but the trial court ruled against defendants on their counterclaim. Also the trial court made a specific finding that there was no evidence as to the amount of interest charged. We see no merit in plaintiff's contention that the judgment was rendered on the basis of the defense of usury. Neither the evidence nor the judgment bears this out.

Affirmed.

BLACKBIRD, C. J., and DAVISON, JOHNSON, WILLIAMS, JACKSON, IRWIN and BERRY, JJ., concur.