## MURRAY CO. v. PALMER.

No. 6344.   Opinion Filed January 11, 1916.

Rehearing Denied February 15, 1916.

(154 Pac. 1137.)

1. **SALES—Action on Purchase-Money Note—Defense—Breach of Warranty.** In an action on a promissory note given as part payment for machinery purchased, the maker of the note may defend on the ground of breach of warranty as to fitness of the machinery to do the work for which it was intended and recover on a cross-petition the amount of damages sustained by reason of such breach.

2. **SAME—Breach of Warranty—Measure of Damages.** The measure of damages for breach of warranty as to fitness of machinery to do certain work is the difference between the value of such machinery as warranted to be and its actual value.

3. **APPEAL AND ERROR—Presentation—Instructions.** Instructions given to the jury by the trial court, although copied in full in the case-made, are not brought to the Supreme Court for review unless excepted to as provided by section 5003, Rev. Laws 1910.

(Syllabus by Galbraith, C.)

*Error from County Court, Love County;*
*J. H. Hays, Judge.*

Action by the Murray Company against J. C. Palmer. Judgment for defendant, and plaintiff brings error. Affirmed.

*A. Eddleman* and *J. C. Graham,* for plaintiff in error.

*Cruce & Potter* and *R. A. Keller,* for defendant in error.

Opinion by GALBRAITH, C.   This was an action on a promissory note for $512.85, and to foreclose a chattel

mortgage given to secure the same. The defendant filed an answer and cross-petition, in which the execution of the note and mortgage were admitted, but prayed that the same be canceled on account of a breach of warranty given on the property for which the note and mortgage were executed, and judgment over against the plaintiff for damages resulting therefrom. There was a trial to the court and a jury, and a verdict returned for the defendant, canceling the note and mortgage and fixing the defendant's damages in the sum of $500. On this verdict, judgment was rendered, and from that judgment this appeal was prosecuted.

There was a demurrer to the answer as follows:

"Plaintiff demurs to the second paragraph or cause of action set up in defendant's answer in which the defendant alleges a promise or understanding from the plaintiff that plaintiff would make said machinery work, etc., and state that the same states no cause of action against the plaintiff, in that no consideration for such alleged promise is shown, and of this plaintiff prays judgment of the court."

This demurrer was overruled, and exception saved, and this ruling is assigned as error.

It appears from the record that the defendant below purchased from the plaintiff a gin outfit for the agreed price of $2,551.40; that under the contract of sale $500 of the purchase price was paid upon the delivery of the machinery, and the balance was evidenced by four promissory notes for $512.85; that three of these notes had been paid, as well as the $500 cash payment; and that the note in suit was the last of the notes given for the purchase price of said gin machine.

The contract of sale contained the following warranty:

"Said machinery is warranted to be good material, to perform well, if properly operated by competent persons. Upon starting, if the purchasers, at any time within ten days, are unable to make same operate well, telegraph or written notice, stating wherein it fails to conform to the warranty, is at once to be given by the purchasers to the Murray Company, Dallas, Tex. (and not verbally to some of its traveling men), and reasonable time shall be given to the Murray Company to send a competent person to remedy the difficulty, the purchaser rendering all necessary and friendly assistance to the Murray Company, which reserves the right to replace any defective part or parts, but such defective part or parts shall not condemn the machine to which it belongs; and if such machine cannot be made to fulfill the warranty, and the fault is in the machine, it is to be returned to place where received, and then another, as soon as practicable, substituted therefor, which shall fulfill the warranty, or the amount of the purchase price credited on notes *pro rata,* or money paid thereon refunded *pro rata,* neither party in such case to have or make any claim against the other; and such failure shall in no way affect this contract, or the notes and trust deed in accordance therewith, for any of the articles named therein. Failure to make such trial or give such notice, or use after ten days without such notice, shall be conclusive evidence of the fulfillment of the warranty. If the Murray Company shall, at the request of the purchasers, render assistance of any kind in operating said machinery, or any part thereof, or in remedying any defects either before or after said ten days, said assistance shall in no case be deemed a waiver of, or excuse for, any failure of the purchaser to fully keep and perform the conditions of this warranty. When at the request of the purchasers, a man is sent to operate the machinery, which is found to have

been carelessly or improperly handled, the Murray Company putting the machinery in working order again, the expense incurred by the Murray Company shall be paid by said purchasers, if demanded."

It was the breach of this warranty on the part of the plaintiff that gives rise to the defendant's claim for damages set out in his cross-petition.

The second paragraph of the answer and cross-petition, to which the demurrer was directed, reads as follows:

"Second. He says that, at the time said machinery was delivered to this defendant, he paid to the plaintiff the sum of $500, and executed four notes of the same size of the one sued upon herein, to wit, $512.85 each. That when the first, second and third of said notes fell due, he paid same with the distinct understanding and promise from the plaintiff that he would make said machinery work as they had agreed it would work, and perform the functions that the contract guaranteed it should perform, and perform the work for which it was purchased. He said that relying upon these promises, and in good faith, believing that the plaintiff would make said machinery good, he paid said notes when they fell due. He says that he now sees that the plaintiff does not intend to try to make said machinery work or to replace it with machinery that will work. He says that, by reason of these promises made by the plaintiff, he was induced to and did pay the plaintiff by reason of said false representations at least $1,000 more than said machinery was worth and that by reason thereof he is entitled to and should recover of the plaintiff the said $1,000 that he has paid thereon more than said machinery was worth."

It is evident from a reading of the allegations of this part of the cross-petition that it alleges the essential elements constituting a claim for damages for breach

of warranty, and therefore the demurrer to the same
was properly overruled by the trial court.

Again, error is assigned to the ruling of the trial
court denying the motion presented at the close of
the evidence to exclude and withdraw from the con-
sideration of the jury all the testimony introduced in
the case relative to a subsequent promise or promises
made by the plaintiff to remedy or repair the machinery.
The uncontradicted testimony in the record is to the
effect that, immediately after the machinery was in-
stalled, it did not work to the satisfaction of the de-
fendant, and that he notified the plaintiff of that fact
and made complaint to it, and it sent a man to the
village of Orr, where the gin was located, to remedy
the defects; that later on further complaint was made,
and another representative of the plaintiff was sent to
repair the gin, and still later another man was sent
there; that the second year after the purchase the de-
fendant went to Dallas, the headquarters of plaintiff,
and took up the matter of the defects of the machinery
with the plaintiff there, and the defendant was then as-
sured that the defects in the machinery would be per-
fected and the gin would be made to operate as well
or better than any other gin the defendant had ever
controlled; that there was continuous complaint of the
working of the gin by the defendant from the time
of its purchase until the trial of this action; and that
the gin turned out an inferior sample, that it was
"nappy," and had an excess of dirt mixed with the
cotton, and cotton from this gin sold for 1 and 1½ cents
less per pound than cotton from the other gin at Orr.
It clearly appears from the record that the defendant
made frequent complaint of the defects in the gin and

its defective work. One of the defendant's witnesses, an expert gin constructor, said that these complaints made by the defendant would fill "a volume." This testimony was competent and relevant to show a breach of the warranty, and also the amount of injury sus-tained by the defendant on account thereof, and the ruling of the trial court in denying said motion was correct.

Again, it is complained that the court erred in re-fusing to direct the jury to return a verdict for the plaintiff. This was not error, inasmuch as the answer and cross-petition stated a cause of action for breach of warranty and damages, and the evidence offered in support thereof tends to support this pleading.

Again, it is complained that the court refused the plaintiff's second requested instruction. This instruc-tion was in words and figures as follows:

"That under the contract in evidence in this cause the measure of the defendant's damages against the plaintiff, if any, is the price of any defective article of said machinery, and, if you find that any particular article of said machinery was defective, it would not void the contract nor entitle the defendant to plead a failure of consideration; but you will find the value of such defective article or said part or parts, and the defendant would be allowed the price thereof as a credit on his indebtedness to plaintiff."

It was not error to refuse this instruction, inas-much as it was not applicable to the issues raised by the pleadings, in this, that the cross-petition was not based upon a failure of consideration, but upon a breach of warranty and damages resulting therefrom, and this instruction did not correctly state the measure of damages in an action for breach of warranty of

contract of sale. The measure of damages in an action for breach of warranty "in quality" is set out in section 2865, Rev. Laws 1910, and where damages are claimed for breach of warranty "in fitness" of the article sold, as in the case at bar, the rule for measuring the damage is set out in section 2866. The application of these statutory rules for the measure of damages is illustrated in many decisions of this court. *Osborne & Co. v. Walther*, 12 Okla. 20, 69 Pac. 953; *Continental Gin Co. v. Sullivan*, 48 Okla. 332, 150 Pac. 209; *Kansas City Hay Press Co. v. Williams et al.*, 51 Okla. 6, 151 Pac. 570, and *Parsons v. Smith et al.*, 52 Okla. 387, 151 Pac. 862; *Rogers Lbr. Co. v. Judd Lbr. Co.*, 52 Okla. 387, 153 Pac. 150. It therefore appears that the refusal of this instruction was not error.

Again, the assignment is made, and it is urged in the brief, that the court erred in the instructions given to the jury. A casual reading convinces us that instructions Nos. 6 and 7 of the court's instructions to the jury are inconsistent and are not applicable to the issues in the case, and neither of them states the correct measure of damages prescribed in this character of action. However, it appears from the record that these instructions were not excepted to by the plaintiff, and therefore they are not brought up for review in this cause. Section 5003, Rev. Laws 1910.

The other assignments made do not seem to require specific mention. Upon consideration of the whole record, it seems that substantial justice was done by the verdict returned in this cause, and, inasmuch as none of the exceptions urged are well taken, we recommend that the judgment appealed from be affirmed.

By the Court: It is so ordered.