## CITY NATIONAL BANK OF McALESTER v. EDWARDS.

No. 14086—Opinion Filed Sept. 16, 1924.

**1. Evidence—Parol Evidence Rule—Application.**

The rule which excludes parol evidence when offered to contradict or vary the terms, provisions, or legal effect of written instruments has no application to collateral undertakings or cases in which the written instrument was executed in part performance of an entire oral agreement.

**2. Evidence—Transcript of Testimony at Former Trial.**

Where not otherwise objectionable, testimony of witnesses adduced at a former trial between the same parties, involving the same subject-matter, which has been transcribed by the court reporter from his stenographic notes and certified to by him, incorporated in the case-made, the case-made signed and settled by the trial judge, and the same filed with the clerk of the district court, is admissible in evidence as the deposition of said witnesses although the reporter's notes were not filed in the district court as provided by section 1792, Rev. Laws 1910 (sec. 3071, Comp. Stat. 1921).

**3. Appeal and Error—Questions of Fact—Verdict.**

Where all the controverted questions of fact in the trial of a cause are properly submitted to the jury by the instructions of the court, their determination thereon will not be disturbed on appeal where the evidence introduced fairly sustains the jury's verdict.

**4. Rulings on Evidence Sustained.**

Record examined, and held, that no material error was committed in the admission or rejection of testimony.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Pittsburg County; Harve L. Melton, Judge.

Action by the City National Bank of McAlester against Sarah J. Edwards. From judgment in favor of the defendant, plaintiff appeals. Affirmed.

George M. Porter, John L. Fuller, and Arnote, McCain & Emery, for plaintiff in error.

O. A. Keath and A. C. Markley, for defendant in error.

Opinion by PINKHAM, C. This was an action brought by the plaintiff in error, the City National Bank of McAlester, as plaintiff against the defendant in error, Sarah J. Edwards, on a promissory note in the sum of $6,500, dated April 3, 1913, due 60 days after date, which note had been reduced to $3,087.33 at the time suit was commenced thereon on the 28th day of March, 1916.

The answer of defendant admits the execution of the note and then alleges in minute detail the facts and circumstances which induced the defendant to sign the note in question, and alleges that if proper credits are made thereon said note would be fully settled.

The case was submitted to a jury and a verdict returned in favor of the defendant. Motion for a new trial was overruled, judgment entered in favor of the defendant, from which judgment the plaintiff has duly appealed.

There are a number of assignments of error, all of which are submitted and discussed in the brief of plaintiff, the City National Bank of McAlester, under three propositions.

The first proposition is that the material defensive matter pleaded in the answer of defendant together with evidence of the defendant and of certain witnesses was incompetent and not defensive for the reason that the same were verbal, contemporary agreements and could not change and vary the expressed terms of a written contract.

So far as this first proposition is concerned we think it is not necessary to discuss the evidence introduced on the trial because of the fact that this case has been before this court upon substantially the same state of facts as in the present record (Edwards v. City National Bank, 83 Okla. 204, 201 Pac. 233) and the question as to the competency of this evidence was decided adversely to plaintiff's contention.

It appears that on the first trial of this case in the district court the plaintiff bank made proof of the execution of the note and rested, whereupon the defendant introduced her evidence in support of the allegations of her answer. The plaintiff offered

no evidence in rebuttal thereto and the plaintiff demurred to the evidence of defendant as not constituting a defense to the plaintiff's action on the note, which demurrer was sustained by the trial court. The plaintiff moved the court to instruct the jury to return a verdict in favor of the plaintiff for the amount of the note sued upon, whereupon the court directed the jury to return a verdict in favor of the plaintiff.

The court was then requested to sustain the attachment upon the residence of the defendant and the same was done. The defendant appealed to this court.

In the first paragraph of the syllabus in Edwards v. City National Bank, supra, it is said:

"The rule that a written contract cannot be altered, changed, or terms varied, in the absence of allegations and proofs of the mistake, fraud, or failure of consideration, by parol proofs, does not apply invariably and without exceptions and one of those exceptions is that where a transaction is entered into between parties, the terms of which are yet to be carried out, in other words, are executory, as future convenants and promises, some provisions of which are verbal and some one or more are in writing, the above rule as to varying the terms of a contract does not apply and the parol terms and provisions of said contracts may be proved, and this is upon the theory that the main transaction rests in parol and the written portion being an incident connected with the main transaction."

In the body of the opinion it is said:

"We have reviewed and examined the evidence and find that under the pleadings and proofs produced and uncontradicted the defendant has made proofs supporting the answer, and that in the absence of any rebuttal proofs the trial court committed error in sustaining the demurrer to the evidence and in instructing a verdict for the plaintiff bank."

In reviewing the cause this court announced the rule applicable to this case as follows:

"The rule which excludes parol evidence when offered to contradict or vary the terms, provisions, or legal effect of written instruments has no application to collateral undertakings or cases in which the written instrument was executed in part performance of an entire oral agreement." Stuart v. Myers (Tex.) 196 S. W. 615; Goldstein v. Union Nat'l Bank (Tex. Civ. App.) 216 S. W. 409.

It is contended by the plaintiff that the facts as they now exist under the present record, the rebuttal evidence of the plaintiff having been introduced, are entirely different from the facts as they appeared uncontradicted in the former record.

The former record discloses, as does the present record, that the transaction between the plaintiff bank, represented by its president, Mr. Craig, Ben Durfee, and the defendant, Mrs. Edwards, resulted in a verbal understanding and agreement constituting a comprehensive plan for the handling of the financial affairs of the mercantile firm of which the defendant's son-in-law, Ben Durfee, was a partner, and that the taking of the note in question was one of the incidents connected with the said plan.

This plan is set out and discussed in Edwards v. City National Bank, supra, and as heretofore stated, need not here be restated further than to say that it appears from the evidence that the firm of Ben Durfee & Co. was adjudged bankrupt; that Ben Durfee was indebted to a considerable extent to the plaintiff bank; that the president of the bank, Mr. Craig, and acting for it, consulted with and advised Ben Durfee, whose firm deposited their funds in the the plaintiff bank, as to the course to be pursued in the circumstances; that, as a result of such advice and consultation, it was concluded that if the firm or Ben Durfee could borrow some $6,500, a 30 per cent. composition in bankruptcy would be had with the creditors; that the store already owed the bank up to the legal limit—otherwise the bank would make the loan direct to Ben Durfee or the company.

In this situation the defendant was approached by the bank president, and Ben Durfee, and asked to sign the note upon the understanding that the 30 per cent. composition would enable the business of her son-in-law to continue, after which it was represented to her a purchaser of the store would, as soon as possible, be secured, and that from the proceeds of the sale, which would be handled entirely by the bank president, the note of the defendant would be paid.

Acting under this understanding and agreement between Mr. Craig, Ben Durfee, and the defendant, which arrangement, as before stated, was not in writing, the note in question was signed by the defendant.

The store was operated for some months after the 30 per cent. composition. The business it appears was again running behind and Mr. Craig and Ben Durfee were desirous to secure a purchaser for the business.

It is admitted that later a sale of the store was made, which yielded the sum of

$13,538.98, which in accordance with the said understanding and agreement was turned over to Mr. Craig and his bank by the purchaser.

It appears that Mr. Craig, about the time of the sale, effected a compromise with a new list of creditors at 56 cents on the dollar without bankruptcy proceedings.

In the instant case the record shows a full and complete accounting; that only a part of the proceeds realized from the sale of the store was credited on the note, leaving a balance of $3,087.33, the amount sued for in the action.

The question of whether or not out of said proceeds there was a sufficient amount in the hands of the plaintiff bank or its president to satisfy the balance owing on said note after all proper credits and allowances had been made thereon and after the composition settlement of 56 per cent. had been made with those creditors to whom the said store became indebted subsequent to the 30 per cent. composition being submitted to the jury for determination and its verdict involved a finding that the plaintiff or Mr. Craig had a sufficient amount of the funds derived from the said sale to satisfy the balance due on the note in question after paying out of said fund the amounts called for by reason of the obligations referred to.

All controverted questions of fact were submitted to the jury and by its verdict as well as by special findings we think it clear the judgment in the defendant's favor must be sustained.

The contention that the rebuttal testimony for the bank makes out a case materially at variance with that contained in the record of the former case is not, we think, borne out by the facts.

The second proposition submitted by counsel for plaintiff is to the effect that the court erred in permitting the evidence of Ben Durfee, taken on the first trial, to be introduced and read in evidence in the second trial.

It appears that the testimony of Ben Durfee was given at a former trial of the same subject-matter in this same case. His testimony was duly transcribed and certified to by the same court stenographer who took it down in shorthand and who testified under oath that his transcript was correct. It was incorporated in the case-made and duly signed and settled by the trial judge and filed in the office of the clerk of the district court of Pittsburg county, and was afterwards filed in the office of the clerk of the Supreme Court in the former appeal to this court by Mrs. Edwards and was by the clerk of the Supreme Court sent to one of the attorneys for Mrs. Edwards to be used in evidence at the second trial of the cause.

"Where not otherwise objectionable, testimony of witnesses introduced at a former trial between the same parties involving the same subject-matter, which has been transcribed by the court reporter from his stenographic notes and certified to by him, incorporated in the case-made, the case-made signed and settled by the trial judge and the same filed with the clerk of the district court, is admissible in evidence as the deposition of said witness, although the reporter's notes were not filed in the district court as provided by section 1792, Rev. Laws 1910 (sec. 3071, Comp Stat. 1921)." Kansas City, M. & O. Ry. Co. v. Roe, 72 Okla. 238, 180 Pac. 371.

It is further contended that the transcript was not admissible because it was not sufficiently established that Ben Durfee at the time his former testimony was introduced was not in Pittsburg county.

We think it sufficiently appears that at the time of the second trial Ben Durfee was not residing in Pittsburg county, but that he was residing in Kansas, and had resided there for a number of years.

We think the transcript of this witness' testimony taken on the first trial was admissible.

Under the third proposition it is contended the court erred in permitting the witness, May Durfee, who testified on behalf of the defendant, to testify as to statements made by Ben Durfee, there being, it is contended, no evidence that Ben Durfee was the authorized and acting agent of plaintiff in error.

We think there was ample evidence to support the finding of agency. Ben Durfee testified that Mr. Craig asked him to take the note to Mrs. Edwards and get her to sign it, and he is corroborated in this statement by the fact that shortly after he failed to get Mrs. Edward's signature, Mr. Craig, himself, called at Mrs. Edward's home with Ben Durfee for the express purpose of securing her signature, and offered the same inducements that Ben Durfee had communicated to Mrs. Edwards, and in addition promised to carry out the comprehensive plan for handling the bankrupt estate of Ben Durfee & Company, and for paying the note which Mrs. Edwards was asked to sign out of the proceeds realized from the sale of the store after the 30 per cent. composition.

We think there was sufficient evidence to show that Ben Durfee was acting for the bank when he made the statement testified to by Mrs. Durfee.

The record in this case is voluminous and the briefs on the part of both plaintiff and defendant are both earnest and comprehensive. This record and the briefs have been examined with care, and we are clearly of the opinion that the judgment of the court, based upon the verdict of the jury, is correct and should be affirmed.

By the Court: It is so ordered.