## BINKLEY v. BALL.

No. 17565. Opinion Filed Aug. 2, 1927.

Rehearing Denied Oct. 25, 1927.

(Syllabus.)

1. **Sales—Action on Purchase Money Note—Breach of Warranty as Defense—Recovery of Damages on Cross-Petition.**

In an action on a promissory note, given as part payment for a tank to be used in the installation of a farm water works system, the maker of the note may defend on the grounds of breach of warranty as to its fitness to answer the purpose for which it was intended, and the maker of the note may recover on cross-petition the amount of damages sustained by reason of such breach.

2. **Same—Measure of Damages for Unfitness of Water Tank Sold.**

The measure of damages sustained by reason of such breach of warranty as to fitness of a water tank to answer a certain purpose is the difference between the value of the same as warranted to be and its actual value.

3. **Appeal and Error—Questions of Fact—Conclusiveness of Findings in Law Action.**

Where questions of fact are submitted to the trial court in law actions and there is any competent evidence reasonably tending to support its findings and judgment thereon, the same will not be disturbed on appeal.

Error from County Court, Major County; J. Dawson Houk, Judge.

Action by Loren H. Ball against H. B. Binkley. Judgment for plaintiff, and defendant appeals. Affirmed.

Simons, McKnight, Simons & Smith, for plaintiff in error.

C. B. Wood and S. A. Horton, for defendant in error.

MASON, V. C. J. The defendant in error, Loren H. Ball, as plaintiff, commenced this action against H. B. Binkley and Wayne Porter to recover on a promissory note for $224.25, executed by Wayne Porter and payable to H. B. Binkley and indorsed and delivered by Binkley to Ball. No service of summons was had on Porter. Binkley filed an answer and cross-petition, in which the execution of the note was admitted, but prayed that the plaintiff recover nothing, on account of a breach of warranty given on the property for which the note was delivered as part consideration, and also prayed for damages against the plaintiff resulting therefrom.

The cause was tried to the court without the intervention of a jury, and judgment was rendered for the plaintiff for the full amount sued for, less $6, which the defendant had expended in making certain repairs on said property, from which judgment the defendant appeals.

For reversal, the plaintiff in error insists that the judgment of the trial court is against the weight of the evidence and contrary to law.

The evidence in substance is as follows:

That the defendant Binkley purchased from the plaintiff a large galvanized iron tank about 15 feet high; that all the purchase price was paid at the time on delivery except that represented by the note sued on herein; that it was to be used in the installation of a water works system on the defendant's farm.

The evidence of the defendant was that the plaintiff knew of this purported use and warranted the tank to be water tight and suitable for such purpose; that the tank was not properly made; that all the seams were leaky and that it was utterly unfit for the purpose intended and had no value whatever; that he had endeavored to use it for two years and that the loss of a tank during that time had damaged him to the extent of $200. On cross-examination the defendant admitted that the tank had been in use, in a limited capacity, at least, during this time and was still in use at the time of the trial and that no offer had been made to return it to the plaintiff.

The plaintiff denied that any warranty had been made in connection with the sale of said tank. He also testified that the base and 18 inches of the side wall were factory made and that he had built the remainder of the tank following the usual custom and manner in doing this work; that he was an experienced tinner and plumber and knew that it was properly constructed. He also testified that the tank had been built for oil field use and that an opening for a pipe connection had been left in the side wall just above the base; that the defendant did not want this opening and as a condition of the sale the plaintiff agreed to place a patch over this opening; that he riveted patch in place, but before he had time to solder the seams the defendant came after the tank and declined to wait for the soldering to be done; that the plaintiff gave him some tank cement to be used for this purpose; that subsequently the defendant complained that the tank was leaking and the plaintiff sent a man to repair it; that thereafter no complaint was made by the defendant to the plaintiff; that the plaintiff had been to the defendant's farm performing work in connection with a light plant, but

that the defendant made no complaint about the tank. Several experienced plumbers testified for the plaintiff that the tank had been properly constructed, but that if all the seams of the tank had been leaky the cost of soldering the same would run from $1.50 to $15. The only item of expense testified to by the defendant was $6 which he paid the man sent out by the plaintiff to repair the tank.

The trial court found that the plaintiff had warranted the tank to hold water. This court, in the case of International Harvester Co. v. Lawyer, 56 Okla. 207, 155 Pac. 617, in discussing a "warranty" said:

"Warranty is a matter of intention. A decisive test is whether the vendor assumes to assert a fact of which the buyer is ignorant, or merely states an opinion, or his judgment, upon a matter of which the vendor has no special knowledge, and on which the buyer may also be expected to have an opinion and to exercise his judgment. In the former case, there is a warranty; in the latter, there is not."

We entertain considerable doubt as to whether or not the record herein supports the findings of the court as to the "warranty" by the plaintiff, but inasmuch as there is no cross-appeal, we deem it unnecessary to discuss this question.

In the case of Western Silo Co. v. Cousins, 76 Okla. 154, 184 Pac. 92, the following rule is announced:

"In a suit on a note for the purchase price of personal property, where the maker of the note pleads as a defense a breach of warranty as to quality, the measure of damages for the breach is the difference between the value of the article as it was warranted to be and its actual value; and in such case the burden is upon the defendant to prove the breach of warranty and the amount of damages."

Section 5989, C. O. S. 1921, provides:

"The detriment caused by the breach of a warranty of the quality of personal property is deemed to be the excess, if any, of the value which the property would have had, at the time to which the warranty referred, if it had been compiled with, over its actual value at that time."

Section 5990, C. O. S. 1921, provides:

"The detriment caused by the breach of a warranty of the fitness of an article of personal property for a particular purpose is deemed to be that which is defined in the last section, together with a fair compensation for the loss incurred by an effort in good faith to use it for such purpose."

There was a sharp conflict in the evidence in the case at bar as to the amount of damages suffered by the defendant. The trial court took the view that after the tank was repaired it met the conditions of the warranty, and that the only difference between the value of the tank as warranted to be and its actual value was the item of $6 expended by the defendant in repairing the tank.

The rule is too well settled to require the citation of authorities that where questions of fact are submitted to the trial court in law actions, and there is any competent evidence reasonably tending to support its findings and judgment thereon, that same will not be disturbed on appeal. The other assignments made do not seem to require specific mention.

Upon consideration of the whole record, we are of the opinion that the judgment of the trial court should be and the same is affirmed.

BRANSON, C. J., and HARRISON, PHELPS, LESTER, HUNT, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) 8 C. J. p. 803, §1062; 35 Cyc. p. 441. (2) 35 Cyc. p. 468; anno. 22 A. L. R. 137, 138: 24 R. C. L. p. 255; 5 R. C. L. Supp. p. 1279; 6 R. C. L. Supp. p. 1412. (3) 4 C. J. p. 879, §2853; 2 R. C. L. p. 224; 1 R. C. L. Supp. p. 444; 4 R. C. L. Supp. p. 92; 5 R. C. L. Supp. p. 81; 6 R. C. L. Supp. p. 76.