## WHITTEN v. KROEGER et al.

No. 27746.   July 26, 1938.

Rehearing Denied Sept. 13, 1938.

Chas. D. Scales, for plaintiff in error.

E. F. McClure and H. A. Kroeger, for defendants in error.

GIBSON, J.  This is an action by a subsequent indorser of a promissory note against the maker and payee thereof to recover judgment for money paid out to the holder of the note in partial satisfaction of the obligation.  Judgment was against the subsequent indorser, and he has appealed.  The respective parties are herein referred to as plaintiff and defendants, or by name.

The defendant H. A. Kroeger executed to the defendant J. C. (Jack) Walton a promissory note for the principal sum of $1,200, maturing July 1, 1930; for a valuable consideration, Walton indorsed the note to plaintiff Whitten; Whitten, before maturity of the note, indorsed it to others who sued Kroeger, Walton, and Whitten

thereon and recovered a joint and several judgment against said parties.  On September 1, 1931, and January 7, 1932, respectively, Whitten paid to the judgment creditor the sums of $183.14 and $63.95 in partial satisfaction of the judgment.  Walton and Kroeger thereafter paid the balance.  This action is to recover from Walton and Kroeger the aforesaid sums paid out by Whitten, with interest.

The execution and subsequent transfers of the note were all for a valuable consideration, and there is no question involving sureties present.

The case was submitted upon the petition and an agreed statement of facts without formal answer on the part of defendants.  The stipulation of facts, excluding the exhibits, was as follows:

"It is hereby stipulated and mutually agreed by and between the parties to this action, plaintiff, A. W. Whitten, and defendants, H. A. Kroeger and J. C. (Jack) Walton, that for the purpose of trying this case the following shall be considered the facts and all the facts subject to any legal objections which shall be considered by the court and upon which it shall render judgment:

"It is agreed that all the averments of plaintiff's petition are true, the original of which is incorporated herein by reference as part hereof; that the note alleged and referred to in plaintiff's petition was made, executed, delivered and indorsed by the parties as in said petition alleged, and that the exhibit attached thereto is an exact copy of said note with indorsements thereon; that said note was reduced to judgment by Cabiness-Swan Investment Company the then holder and owner thereof as in said petition alleged, a copy of the journal entry thereof is annexed hereto as part hereof and marked exhibit 'A'; that the plaintiff in this action made payments thereon on the dates and in the amounts as in said petition alleged; and that neither the defendant, H. A. Kroeger, nor the defendant, J. C. (Jack) Walton, has repaid the same or any part thereof paid by said plaintiff in this action.

"And in addition it is further agreed that thereafter subsequent to the payments made by plaintiff, the defendant, J. C. (Jack) Walton, paid the sum of $600 on the judgment rendered in favor of Cabiness-Swan Investment Company on the note sued on herein, and that said judgment was released as to him by the plaintiff in that action; that thereafter the defendant, H. A. Kroeger, paid the balance then due thereon on said judgment and the same was by the plaintiff in that action satisfied in full and released of record.

328

"And it is further agreed that the plaintiff in this action, A. W. Whitten, did not within ten days after making the payments on said judgment rendered on the note sued upon herein file with the clerk of the court where the judgment was rendered notice of his payments and claim to contribution or repayment and claim the benefit of the judgment to enforce contribution or repayment.

"And in addition it is further agreed that the defendant, J. C. (Jack) Walton, as surety for plaintiff, A. W. Whitten, and for his accommodation, executed jointly as comaker with him his promissory note in writing dated December 17, 1932, for $100 payable to W. A. Morris on the 17th day of February, 1933, with interest at 10%; that thereafter said payee indorsed and negotiated the same for value to E. H. Gill, who instituted suit thereon against the aforesaid makers thereof and the aforesaid indorser thereon; that on the 2nd day of October, 1934, said defendant in this action, J. C. (Jack) Walton, paid the sum of $40 thereon, and that thereafter said plaintiff in this action paid the balance then due thereon; that said sum of $40 aforesaid or any part thereof has not been repaid to said J. C. Walton by said A. W. Whitten."

Plaintiff thereupon objected to the last three paragraphs of the stipulation as being incompetent, irrelevant, and immaterial, or not within the issues, and requested the court not to consider them in rendering judgment.

The court overruled plaintiff's objections and rendered judgment for defendants, holding that plaintiff must fail in his action by reason of his neglecting to proceed in accordance with the provisions of section 477, O. S. 1931, 12 Okla. St. Ann. sec. 831, which section reads as follows:

"When property, liable to an execution against several persons, is sold thereon, and more than a due proportion of the judgment is laid upon the property of one of them, or one of them pays, without a sale, more than his proportion, he may, regardless of the nature of the demand upon which the judgment was rendered, compel contribution from the others; and when a judgment is against several, and is upon an obligation of one of them, as security for another and the surety pays the amount, or any part thereof, either by sale of his property or before sale, he may compel repayment from the principal; in such case, the person so paying or contributing, is entitled to the benefit of the judgment, to enforce contribution or repayment, if within ten days after his payment he file with the clerk of court where the judgment was rendered, notice of his payment and claim to contribution or repayment. Upon a filing of such notice, the clerk shall make an entry thereof in the margin of the docket."

Plaintiff's contention is that his cause of action was not governed by section 477, supra, but by section 11420, O. S. 1931, 48 Okla. St. Ann. sec. 263, which is as follows:

"Where the instrument is paid by a party secondarily liable thereon, it is not discharged; but the party so paying it is remitted to his former rights as regards all prior parties, and he may strike out his own and all subsequent indorsements, and again negotiate the instrument, except:

"First. Where it is payable to the order of a third person, and has been paid by the drawer;

"Second. Where it was made or accepted for accommodation, and has been paid by the party accommodated."

We agree with plaintiff that as between the parties to this action the defendant Kroeger, as the maker of the note, was primarily liable thereon (section 11359, O. S. 1931, 48 Okla. Stat. Ann. sec. 141); and that the defendant Walton and the plaintiff were secondarily liable in the order of their indorsements (secs. 11365, 11367, O. S. 1931, 48 Okla. Stat. Ann. sec. 147, 149), and that the plaintiff, as one secondarily liable, by paying a portion of the judgment obtained against all three parties, was remitted to his former rights as regards the prior parties, Kroeger and Walton, as provided by section 11420, supra. Although the note was canceled in the judgment against all the parties to this action, and which was partially satisfied by plaintiff, his rights accruing from such payment consisted of a cause of action as upon the original obligation evidenced by the note to recover from Kroeger and Walton any amount he was legally compelled to pay in satisfaction thereof. The question of contribution does not enter the case; it is one of subrogation. See Winans v. Hare, 46 Okla. 741, 148 P. 1052. In State ex rel. v. Carson, 131 Okla. 289, 269 P. 292, we said: "Defendant, being an indorser on the note, had the right to pay the same, and be subrogated to the rights of the plaintiff therein." While it is true that a promissory note is ordinarily merged into the judgment recovered thereon, such judgment does not, as between the parties against whom the judgment is taken, discharge the note. Section 11418, O. S. 1931, 48 Okla. Stat. Ann. sec. 261, provides how a negotiable instrument may be discharged. That section does not say that it shall be discharged by judgment. Whether a party secondarily liable is compelled to pay before or after

judgment, he may in either event pursue his remedy as provided by said section 11420.

The defendants now attempt to raise the question of the statute of limitations. That defense was neither pleaded by defendants nor raised by the agreed statement of facts, except the limitation expressed in section 477, supra, which section we have held not to apply. The question of limitation of the action as authorized by section 11420, supra, is not here for review.

As we have previously stated, the judgment appealed from was based upon an agreed statement of facts, without formal answer on the part of defendants. This circumstance, the absence of issue raised by formal pleadings, has evoked considerable argument from the parties relative to the effect thereof upon the judgment.

From a review of the decisions of this court, we gather that under circumstances as here presented the judgment rendered in the cause depends for its validity upon a proper application of the law to the agreed facts, and is dependent in no way upon the issues as raised by the pleadings. The issues, if any, as raised by the pleadings in such case are no longer to be considered. The judgment need not be supported by or confined to the issues so raised. In Enid City Ry. Co. v. City of Enid, 43 Okla. 778, 144 P. 617, where the case was submitted on an agreed statement of facts, it was held that "the agreed statement of facts superseded the pleadings." And in Goodwin v. Kraft, 23 Okla. 329, 101 P. 856, the court said that "where a case is presented on an agreed statement of fact, the only question that can be considered is whether they require a judgment for plaintiff as a matter of law." In fact, where a cause is properly pending and is submitted as was the present case, on an agreed statement of facts, both parties waive further pleading so far as the issues are concerned. We have held a number of times that a reply is waived under such circumstances (Grand Lodge A. O. U. W. v. Hopkins, 175 Okla. 170, 52 P.2d 4), and there exists no logical reason why the answer is not so waived. Such conclusion is unavoidable in the face of the rule that the agreed statement supersedes the pleadings; and the further rule stated in McGrath v. Rorem, 123 Okla. 163, 252 P. 418, that "where the parties submit their controversy to the court upon an agreed statement of facts, such agreement has the effect to waive any error in the action of the court in its rulings on the pleadings." If any error is waived, then the entire pleading is waived, but, of course, there must be a case properly pending before the court. We are not here dealing with an agreed controversy without suit as permitted by sections 403-405, O. S. 1931, 12 Okla. Stat. Ann. secs. 1103-1105.

Our conclusion is further strengthened by the rule that the sufficiency of the answer, after final judgment, may not be questioned for the first time on appeal. Proctor v. Harrison, 34 Okla. 181, 125 P. 479.

The agreed statement of facts shows that plaintiff was entitled to·recover. Where a cause is so submitted, it is the duty of this court on appeal to apply the law to the facts as a court of first instance and direct judgment accordingly. Goodwin v. Kraft, supra.

The judgment is reversed and the cause remanded, with directions to set aside said judgment and enter judgment for plaintiff for the amount sought.

BAYLESS, V. C. J., and PHELPS, CORN, and HURST, JJ., concur.