DICKSON v. JOY.

No. 28950. April 1, 1941.

*112 P. 2d 355.*

William O. Coe and John A. Johnson, both of Oklahoma City, for plaintiff in error.

A. O. Manning, of Fairview, for defendant in error.

OSBORN, J. This action was instituted in the district court of Dewey county by John E. Dickson, hereinafter referred to as plaintiff, against L. A. Joy, hereinafter referred to as defendant. The petition declared upon two promissory notes, one for $579 and the other for $200. The note for $579 was secured by a chattel mortgage upon certain oil field tools, drilling equipment and casing. A plea of failure of consideration was entered by the defendant, and under the instructions of the court a verdict was rendered in favor of defendant. From a judgment thereon, plaintiff has appealed.

It appears that the principal portion of the consideration for the notes involved herein was a quantity of oil well casing; there was also included in such consideration a donation which plaintiff was making toward the completion of an oil well being drilled by defendant. It will not be necessary to set out in full all of the issues of fact presented. The evidence was conflicting. Defendant contends that the evidence shows that there was a total failure of consideration for both of the notes involved herein, whereas the plaintiff contends that, viewing all of the evidence in the light most favorable to defendant, there is shown to be only a partial failure of consideration, and that it is established with certainty that at least a portion of the casing which constituted the consideration for the notes involved herein was delivered to the defendant.

After an examination of all the pleadings and the documentary evidence involved herein, and after viewing the record as a whole, there is no escape from the conclusion that at least a portion of the casing herein involved was delivered to the defendant, and that there is no evidence in the record which would support a finding of total failure of consideration. It is the contention of plaintiff that the instructions given to the jury were erroneous and incomplete in that the jury was deprived of an opportunity to find that there was only a partial failure of consideration.

The instructions of which such complaint is made are as follows:

### "Number Four

"You are instructed that if you find and believe from a fair preponderance of the evidence, facts, and circumstances in this case that the consideration for the execution and delivery of the note set forth by plaintiff in his first cause of action was for 1,200 feet of 10-inch oil well casing; and 600 feet of 10-inch oil well casing was never delivered to defendant and that defendant never received or accepted any other oil well casing as a substitute or in lieu thereof, *and that the failure to receive said oil well casing was responsible for defendant's failure to deepen the oil well in question,* then you should return a verdict in favor of the defendant on plaintiff's first cause of action.

### "Number Five

"You are instructed that if you find and believe from a fair preponderance of the evidence, facts and circumstances in this case that the consideration for the execution and delivery of the note set forth in plaintiff's second cause of action was for an oil and gas lease on a forty-acre tract of land in Jackson county and for the balance of the purchase price of 1,200 feet of 10-inch oil well casing, that no assignment was ever executed and delivered to defendant for said oil and gas lease on said forty acres of land, and that 600 feet of the 1,200 feet of 10-inch oil well casing was never delivered to defendant and that defendant never received or accepted any other casing as a substitute or in lieu thereof, and that the failure to receive said oil well casing was responsible for defendant's failure to deepen the oil well in question, then you should return a verdict in favor of defendant on plaintiff's second cause of action.

"If you do not so find and believe then you should return a verdict in favor of plaintiff on his second cause of action."

The jury was also instructed that if they found that defendant received all of the casing for which the notes were given, the verdict should be in favor of plaintiff on the first and second causes of action.

Section 11327, O. S.1931, 48 Okla. St. Ann. § 75, provides:

"Absence or failure of consideration is a matter of defense against any person not a holder in due course; and partial failure of consideration is a defense pro tanto, whether the failure is an ascertained and liquidated amount or otherwise."

In the case of Roberts v. Boydston, 186 Okla. 336, 97 P. 2d 898, 900, it was said:

"Prior to the passage of the Uniform Negotiable Instruments Law, in many jurisdictions the partial failure of consideration in an unliquidated amount was a matter of independent suit or cross-action which would in the nature of things render the measure of defendant's recovery or offset a question of damages. Sharp v. Sharp, 1915, 4 Ohio App. 418.

"Thus, in the early Oklahoma case of Hagan v. Bigler (1897) 5 Okla. 575, 49 P. 1011, it was said that 'the defendant might show a total failure to keep such agreements (representing the consideration for the note) in defense of an action on this note, or a partial failure in recoupment of damages.' 'Recoupment' is defined in Cyclopedic Law Dictionary as 'that right of the defendant, in the same action, to claim damages from the plaintiff, either because he has not complied with some cross obligation of the contract,' etc. This was prior to the adoption of the Uniform Negotiable Instruments Law in this state. The statute, however, changed this rule and authorized an unliquidated partial failure of consideration to be interposed not in recoupment or offset, but as a 'defense,' like total failure or a liquidated partial failure prior to the Uniform Negotiable Law. In case a total failure of consideration is established as a defense, as authorized by the statute, the amount of damages sustained by defendant would not be deducted from the note, but rather plaintiff would be denied recovery. So in case of partial failure authorized as a 'defense pro tanto,' (meaning 'for so much; to that extent,' 50 C. J. 417) we think the measure should be the extent of the partial failure of consideration, rather than the damages sustained by *defendant* by reason of the partial failure of the consideration for the note."

It is noted that under the instructions given herein the issue of damages accruing to defendant for failure to deepen the

oil well was injected, and, in effect, said damages were permitted to offset the value of the casing delivered under the contract of sale. Under the rule above stated, the giving of such instruction constituted reversible error.

In addition it may be said that there is another reason why the giving of the instruction relating to damages for failure to complete the well is erroneous. Said issue was not raised by the pleadings and is supported by no evidence whatsoever.

The giving of an instruction which has no application to the issues involved or to the evidence in support thereof constitutes reversible error where it is apparent that the instruction resulted in prejudice to the losing party. Miller v. Price, 168 Okla. 452, 33 P. 2d 624; Inner Shoe Tire Co. v. Mueller, 108 Okla. 229, 235 P. 1072.

For the above reasons, the judgment of the trial court is reversed and the cause remanded, with directions to grant a new trial.

WELCH, C. J., and RILEY, GIBSON, and HURST, JJ., concur.