BOYDSTON v. ROBERTS et al.

No. 30562. July 13, 1942.

*127 P. 2d 808.*

A. W. Billings, of Woodward, for plaintiff in error.

Reuben K. Sparks, of Woodward, for defendants in error.

PER CURIAM. Plaintiff brought an action on a promissory note dated August 17, 1937, due 30 days after date in

the principal sum of $600. The action was against the defendants, George Roberts and Harold Roberts, doing business as partners under the name and style of Oklahoma Tire Associated Store, a partnership. Defendants answered, and offered evidence in support thereof at the trial, that the note executed by them was part consideration for the plaintiff's interest in the partnership organized by the three under articles of partnership dated May 29, 1937; that on August 17, 1937, the defendants bought plaintiff's interest, paying him $400 in cash and giving said note for $600; that as a part of the consideration plaintiff was to obtain an extension of an account in the approximate amount of $2,-000 due to the Richards-Conover Hardware Company by the said partnership; that plaintiff failed to obtain an extension of said account past January 1, 1938, and by reason of such failure defendants were forced to and did in the following November execute a note and chattel mortgage for said account, thereby having to pay a greater rate of interest than they would have otherwise paid.

The trial court entered a judgment for the plaintiff on the evidence introduced and subtracted from the amount due on the note in question the excess interest calculated to have been paid by the defendants because of the failure to obtain the extension of said account. This court reversed and remanded the cause in Roberts v. Boydston, 186 Okla. 336, 97 P. 2d 898, with directions to determine how much of the note was given in consideration of the extension of the account and how much for the purchase of the plaintiff's interest in the partnership.

The cause was retried. Defendants testified that all of the $600 note was for the consideration of obtaining the extension of the account. A general verdict for the defendant was returned by the jury. Judgment was entered thereon. Plaintiff has appealed, and in 13 assignments of error presents three general propositions, which shall be noted in their order.

It is first argued that the judgment of the trial court is not sustained by sufficient evidence and that the court erred in refusing to sustain a demurrer to the defendants' evidence. The second argument is that the court erred in refusing an instruction that if the plaintiff obtained an extension of any part of the account of the Richards-Conover Hardware Company past January 1, 1938, the plaintiff would be entitled to recover the proportionate part of the $600. In Roberts v. Boydston, supra, the court stated:

"Thus where, as here, the consideration of a note consists of two separate things, (1) an interest in a partnership, and (2) an agreement to obtain an extension of credit for the partnership, and the agreement is breached, the defense of partial failure of consideration should be computed by determining what portion of the note was given for the interest in the partnership and what portion for the agreement, and recovery allowed for the part as to which the consideration has not failed. In that way the extent of the partial failure would be determined."

As above stated, the defendants at the second trial testified that all of the $600 note was for the consideration of obtaining the extension of the account. The jury found for the defendants, and by the general finding found this to be true. As stated by this court in the former opinion:

"We think this evidence was sufficient to justify a reasonable inference that the promise of plaintiff was the sole consideration for the note sued on, and as it is clearly established that plaintiff failed to carry out his promise, the question of whether there was a total failure of consideration was for the jury."

There was no error in refusing to sustain a demurrer to the defendants' evidence, and the verdict is sustained by sufficient evidence.

Neither do we find any error in refusing the requested instruction. Defendants alleged and proved that by the failure of the plaintiff to obtain an extension of the account the defendants were forced to and did give their chattel

mortgage and note above referred to. Since plaintiff denied categorically that he had any such agreement, we hold that the only extension given must be assumed to be by reason of the execution of the note and chattel mortgage.

Finally, objection is made to the sustaining of the objection to the offer of certain evidence by plaintiff and admitting certain evidence offered by the defendants. In the former opinion this court directed the taking of testimony for the purpose of arriving at the value of each partner's interest in the partnership. The court heard testimony which tended to disclose the invoice value, the indebtedness at the time of the sale in August, 1937, and the fact that plaintiff had invested approximately $360 cash in the business. We think any other testimony, admitted or excluded, was in the nature of harmless error, as this was the direction of the court.

Plaintiff offered to establish just what part of the $600 note was given for his interest in the partnership and what part was to pay for the extension of the Richards-Conover Hardware Company account. It is true that the trial court at first excluded this offer, but the plaintiff must have overlooked the fact that later this question was asked one of the defendants, who stated that all of the $600 note was made in consideration of the extension of the Richards-Conover Hardware Company account. This the jury apparently believed. We find no prejudicial error in the exclusion of any testimony on this point. The second trial was in substantial compliance with the former mandate and direction of this court.

There being no error, the judgment is affirmed.

WELCH, C. J., CORN, V. C. J., and OSBORN, BAYLESS, and GIBSON, JJ., concur. RILEY, HURST, DAVISON, and ARNOLD, JJ., absent.