**HART INDUSTRIAL SUPPLY COMPANY,**
Plaintiff in Error,

v.

**Cleo CRAIG and Louis Yarmuk,**
Defendants in Error.

No. 40586.

Supreme Court of Oklahoma.

June 29, 1965.

94

Harris, Newcombe, Redman & Doolin, Lawton, for plaintiff in error.

Nicklas & Parrish, Lawton, for defendants in error.

BERRY, Justice.

Plaintiff in error, a domestic corporation, filed this action as plaintiff to recover delinquencies due upon an installment note executed by defendants, defendants in error in this Court. The following summation of essential facts sufficiently discloses the issues involved.

During 1959, defendants purchased certain machinery and executed an installment note ($37,474.82) due January 1, 1960, to plaintiff as payee, secured by a chattel mortgage upon the equipment. This note was discounted and assigned to an Oklahoma City bank. Defendants defaulted upon the first three monthly payments. As a result of consultation and negotiations between the parties, defendants (March 18, 1960) executed their note for the amount of the ecuted their note for the amount of the delinquencies ($3,122.88), due August 1, 1960, and plaintiff agreed to make the delinquent payments to the assignee bank. The original note eventually was paid and is not involved in this action.

Defendants defaulted upon the obligation and plaintiff filed suit to recover the amount due. The petition alleged execution of the note and default thereon, and asked judgment for the amount of the indebtedness, together with interest, attorney's fees and costs.

By a general pleading styled Answer and Cross-Petition defendants alleged no consideration was given for the note. The cross-petition alleged the facts of the original transaction, and plaintiff's representations and warranties the machinery could be used for fabricating certain components which defendants required in manufacturing trailers, whereas the machinery could not be used for such purpose. When the note sued upon was executed, plaintiff represented and agreed to make the machinery function properly, to come to Lawton and instruct defendants in the proper use of same, and agreed to offset the value of the machine by furnishing additional business to defendants; that plaintiff not only failed to perform this agreement, but actually took away one customer for whom defendants were doing work. By reason of plaintiff's acts of omission and commission in the transaction, defendants claimed to have suffered $17,000.00 damages.

Plaintiff's reply denied all specific warranties and parol agreements, and all other matters alleged in the cross-petition.

Trial to a jury resulted in a verdict for defendants. The appeal from the adverse judgment is by the original record, in which is included the exhibits and defendants' testimony. From the argument presented it is apparent plaintiff introduced the note in evidence and made a prima facie case for recovery against defendants.

From the record it appears defendants owned Fabricators, Inc., which firm had been doing business with, and was indebted to plaintiff. Defendants agreed to purchase a "press brake shear" for approximately $17,000.00 upon plaintiff's representations this piece of equipment would make "four by four butted tubing" and would "spot weld"; and that there was a great deal of this work to be done in the Lawton area which defendants could do with the new machinery. Based upon plaintiff's representations and warranty, defendants made the purchase and executed the $37,474.82 note which covered the purchase price of the new machine and other indebtedness owed by Fabricators, Inc. This note was assigned the Oklahoma City bank under endorsement by plaintiff, the installment payments to be due beginning January 1, 1960. Defendants defaulted upon the first three installments because of plaintiff's failure to cause the equipment to perform as warranted. At a meeting in

Oklahoma City on March 18, 1960, the parties negotiated a new arrangement whereunder defendants executed the note ($3,122.88) here involved. Defendant Craig testified:

"They told us that * * * if we would sign they were willing to help us make the first three payments if we would sign the note and they would help us get additional business and help us get the thing on its feet to where it would operate to where we would be happy with the equipment."

Defendant Yarmuk testified:

"We were promised at the signing of this ($3,122.88) note that we would be assured that the shear and the press brake which we had purchased could be developed into a nice steel fabrication business even though it would not do that for which we had purchased it; and we were assured that if we would sign this note they would aid us in every way possible to develop the steel fabrication business in Lawton at the address we are doing business at."

Defendants testified plaintiff did nothing by the way of assisting in making the equipment function, did not supply any new business or aid defendants in developing the steel fabrication business, and on one occasion plaintiff's salesman brought one of defendants' customers to their shop and attempted to sell him equipment at a time when defendants were doing this party's work.

Defendants' evidence was admitted as the background which led up to execution of the note sued upon. This evidence is the basis of the proposition which asserts error of the trial court in allowing defendants to testify to oral conversations and promises which varied and contradicted the terms of the note.

Plaintiff's motion for directed verdict at the close of the evidence was overruled. The case was submitted to the jury under written instructions, who returned the verdict upon which the judgment appealed from was rendered.

Four propositions are advanced and argued by the parties. The conclusion which we reach makes separate consideration of each contention unnecessary. The first issue for consideration is plaintiff's contention that reversible error inhered in permitting defendants to testify to oral promises made by plaintiff prior to and contemporaneously with execution of the note, which varied and contradicted the terms of the contract. All of defendants' testimony bearing upon these matters was offered and received in evidence over plaintiff's objections. The argument is that the statute, 15 O.S.1961, § 137, providing that a written contract supersedes all oral negotiations preceding or accompanying execution of the instrument must be applied. Thus plaintiff says it was error to permit defendants to testify concerning oral negotiations, and the motion for directed verdict should have been sustained in view of prior decisions such as Colbert v. First National Bank, etc., 38 Okl. 391, 133 P. 206, applying the rule mentioned.

The present action was brought upon a note executed prior to adoption of the Uniform Commercial Code, 12A O.S.1961, § 1–101 et seq., and is governed by the statute, 48 O.S.1961, § 148, then in force. While the rule urged ordinarily is to be considered conclusive, there is a recognized limitation thereon arising under 48 O.S. 1961, § 75, which provides:

"75. Failure Of Consideration As Defense.—Absence or failure of consideration is matter of defense as against any person not a holder in due course; and partial failure of consideration is a defense pro tanto, whether the failure is an ascertained and liquidated amount or otherwise. R.L.1910, § 4078."

As urged by defendants, the determinative rule in such cases is that expressed in Strickland v. Heatherington, Okl., 353 P.2d 138, 139. There, quoting from earlier decisions, we held the general rule against admission of parol testimony in such cases does not apply when such evi-

dence is offered to show entire or partial failure of consideration. Also see City National Bank of McAlester v. Edwards, 100 Okl. 202, 229 P. 487; Spradlin v. American Travelers Ins. Co., Okl., 376 P.2d 323. Our conclusion is supported by these reasons: Prior to execution of the note sued upon (August 18, 1960) the plaintiff was secondarily liable as endorser of the original note and had an absolute right of action against defendants to recover upon that obligation. 48 O.S.1961, §§ 147, 149, 263; Whitten v. Kroeger, 183 Okl. 327, 82 P.2d 668. And, at the same time defendants had a cause of action against plaintiff for damages for breach of warranty. Murray Co. v. Palmer, 55 Okl. 480, 154 P. 1137; Binkley v. Ball, 127 Okl. 197, 260 P. 1.

■ Neither party was required to renounce such rights. The evidence sufficiently establishes that defendants' right of action for damages for breach of warranty embodied in the original agreement was compromised away by acceptance of an alternative arrangement, to-wit: plaintiff's assumption of the delinquencies if defendants would keep the machinery and execute a note for such amount. By extending further credit, plaintiff avoided the defendants seeking relief for breach of warranty arising out of the original contract, while defendants avoided being sued upon the note and for foreclosure of the chattel mortgage. Considered in this light, it appears the testimony surrounding execution of the note was not offered in an effort to vary the terms of the note and is not contradictory of the agreement evidenced thereby. This rule is expressed in City Nat. Bank of McAlester v. Edwards, supra, Syllabus 1, which states:

"The rule which excludes parol evidence when offered to contradict or vary the terms, provisions, or legal effect of written instruments has no application to collateral undertakings or cases in which the written instrument was executed in part performance of an entire oral agreement."

■ The remaining issue involves the question of consideration. By its verdict the jury apparently found there had been a total failure of consideration. The evidence was that plaintiff agreed to discharge the accrued delinquencies defendants owed the assignee bank and perform certain collateral agreements if defendants would keep the machine and execute a note for the delinquent installments. By defendants' testimony it appears plaintiff settled the matter of the three payments, but defaulted in respect to performance of the collateral agreements. Because plaintiff partially performed, it is clear there had not been a total failure of consideration, and the jury verdict thus cannot be sustained.

Defendants' evidence did not attempt to place any value upon the default in performance of the services or agreements which plaintiff agreed to perform. The absence of any evidence precluded the jury's consideration of the issue as to the loss, if any, sustained by defendants from partial failure of consideration. Execution of the note is admitted, and partial consideration therefor was established. But, plaintiff's recovery upon the note must be measured against any loss shown by the evidence to have been sustained as a result of plaintiff's partial failure to perform.

■ In Dickson v. Joy, 188 Okl. 597, 112 P.2d 355, it is pointed out that under the statute, 48 O.S.1961, § 75, the partial failure of consideration is a defense pro tanto, whether such failure is an ascertained and liquidated amount or otherwise. Syllabus 1 then states:

"In case a partial failure of consideration is established as a defense in an action on a note by the payee, the measure of amount deductible should be the extent of partial failure of consideration rather than damages sustained by reason of partial failure."

Also see Roberts et al. v. Boydston, 186 Okl. 336, 97 P.2d 898; Boydston v. Roberts, 191 Okl. 227, 127 P.2d 808.

The judgment based upon the jury verdict cannot be sustained. The judgment is

reversed and the cause remanded for new trial.

HALLEY, C. J., and WILLIAMS and BLACKBIRD, JJ., concur.

JACKSON, V. C. J., and DAVISON and IRWIN, JJ., concur specially.

HODGES, J., dissents.

JACKSON, Vice Chief Justice (concurring specially).

In view of the fact that this case is to be retried I believe it may be helpful if we give consideration to other contentions made by appellant, Hart Industrial Supply Company, as well as other facts apparent from the record.

At Pre-Trial conference plaintiff, Hart Industrial, moved the court to require defendants to elect either to affirm the note sued upon in this case, admit liability therefor, and sue for damages on their counter claim or set-off, or to require defendants to deny the note on the basis of failure of consideration. Defendants elected to deny liability on the note for "failure of consideration." Thus it is apparent that defendants limited themselves in the trial of this case to the sole questions of whether there was a total failure of consideration or a partial failure of consideration. It is settled in Oklahoma that a partial failure of consideration may be shown under an answer which pleads a total failure of consideration. Roberts et al. v. Boydston, 186 Okl. 336, 97 P.2d 898.

Hart Industrial complains of the court's instructions, contending that these instructions embodied the defense of fraud in the inducement to sign the $3,122.88 note, which defense was not pleaded. For clarity instructions numbered 4, 5, and 6 will be quoted as follows:

"Instruction No. 4. The Defendant herein, as grounds for their claim that they do not owe Plaintiff the note in question, say that at the time they signed the note herein sued upon, they were told by agents of the Plaintiff corporation that if they did sign the note, the Plaintiff would send a representative to Lawton to assist the Defendants in properly setting up and installing the equipment theretofore sold so that Defendants would be satisfied with its operation and that the Plaintiff further assured the Defendants that they would help them get business so that they could make the equipment pay off; and Defendants further say that Plaintiff failed to comply with either of these promises and representations. It will be for the jury to say whether or not such representations were made by the plaintiff to induce the Defendant to sign the note in question; and if the jury find that Plaintiff's agents did make such representations and promises or either of them and failed to comply with said promises, and if the jury find that the Defendants would not have signed the note in question except for the making of said promises, then your verdict should be for the Defendants and against the plaintiff. Otherwise your verdict should be for the Plaintiff and against the Defendants.

"Instruction No. 5. You are instructed that the consideration of the Plaintiff paying the three installments on the big note for which the defendants were primarily liable is adequate consideration for the execution of the note in question; and this fact standing alone is sufficient to justify a verdict at your hands in favor of plaintiff and against the Defendants; but nonetheless the Plaintiff's right to recover on the note might be defended notwithstanding the adequate consideration therefor, if the jury find that Plaintiff made promises and representations to Defendants to induce them to sign the note which they would not otherwise have done, and further that Plaintiff failed to comply with such promises.

"Instruction No. 6. You are instructed that a partial failure of performance is grounds for rescission when such failure defeats the object of the contract or when it concerns a matter of such importance that the contract would not have been made if default in that particular had been expected or contemplated."

It is apparent that the foregoing instructions do not use the words "fraud" or "fraud in the inducement". However, it is quite clear that these instructions authorize the jury to rescind the contract if the jury should find that a partial failure of performance by plaintiff was of such importance that the note would not have been signed.

Defendants did not plead fraud in the inducement, but if it had been pleaded by defendants I am of the view that it would have been error to have given the instructions under the facts in this case.

15 O.S.1961, § 233, authorizes a party to a contract to rescind if his consent to the contract is obtained through fraud of the other contracting party; and under subparagraph 2 of Sec. 233, a contracting party is authorized to rescind "if through the fault of the party as to whom he rescinds, the consideration for his obligations fails in whole or in part." However, Section 235 (of Title 15) provides that a party rescinding must exercise reasonable diligence to comply with the following rules:

"1. He must rescind promptly, upon discovering the facts which entitle him to rescind, if he is free from duress, menace, undue influence, or disability, and is aware of his right to rescind; and,

"2. He must restore to the other party everything of value which he has received from him under the contract; or must offer to restore the same, upon condition that such party shall do likewise, unless the latter is unable, or positively refuses to do so."

From the record in this case it is apparent that defendants have not restored to the plaintiff the $3,122.88 that plaintiff paid to the Oklahoma City bank to apply on defendants' "big note" at that bank, or offered to do so. Therefore rescission was not available as a defense in this case.

Since the consideration to be paid by plaintiff to defendants did not wholly fail (plaintiff having paid $3,122.88 of the agreed consideration) it is apparent that the legitimate defense in this case is "partial failure of consideration." However, in my opinion this does not mean that plaintiff must necessarily have judgment for its partial performance, or partial consideration which it paid to the Oklahoma City bank on defendants' behalf.

In 48 O.S.1961, § 75, it is provided in part that a partial failure of consideration is a defense "pro tanto". In Black's Law Dictionary, 4th Edition, Pro Tanto is defined as "For so much; for as much as may be; as far as it goes".

I have found no case, and none has been cited, which holds that a partial failure of consideration may constitute a complete defense against a suit upon a note. Hart Industrial invites our attention to Roberts v. Boydston, 186 Okl. 336, 97 P.2d 898; Dickson v. Joy, 188 Okl. 597, 112 P.2d 355; and Boydston v. Roberts, 191 Okl. 227, 127 P.2d 808. These cases seem to hold generally that where the consideration for the note consists of two separate things and the payee fails to perform one of those things, that the jury should ascertain the value of that portion of the consideration or thing which failed and then to subtract that amount from the amount set forth in the note. In McMillan v. Gardner, 88 Kan. 279, 128 P. 391, the amount due on the note was $2,450.00. The value of that portion of the consideration which failed was $2,250.00. The court held that the holder of the note might recover for that part as to which the consideration had not failed, which I assume was the difference between $2,250.00 and $2,450.00, or $200.00.

In the instant case defendants claim, in effect, that on March 18, 1960, in settling their prior controversy with plaintiff they agreed that they would execute a note in favor of plaintiff for $3,122.88 if plaintiff would pay the first three delinquent installments ($3,122.88) on the "big note" owed by defendants to an Oklahoma City bank and if plaintiff would properly install the equipment located in defendants' plant at Lawton and would help defendants get additional customers or business.

It is admitted that plaintiff paid the first three delinquent installments ($3,122.88) on defendants' "big note" at the bank but it is contended that plaintiff failed to perform the other services agreed upon. Under these circumstances, and if defendants again try their case upon the defense of "partial failure of consideration", it seems to me that a determination of the monetary value of the contemplated services not performed by plaintiff, if any, should be ascertained by the jury and the jury instructed to subtract that amount from the amount to which plaintiff is entitled, and to give plaintiff judgment for the difference, if any. This procedure could result in a "partial failure of consideration" constituting a complete defense to the note. This conclusion is reached because of the fact that defendants admittedly owe plaintiff $3,122.88, and possibly some interest and attorney fees. The jury may find from the evidence that the plaintiff is indebted to the defendants for an equivalent or greater sum of money than is owed by defendants to the plaintiff. In these circumstances the consideration which failed would constitute a complete set-off against the amount owed by defendants, and plaintiff should take nothing. Admittedly there are old decisions from older states which do not share this view, 10 C.J.S. Bills and Notes, § 523, but they appear to be based upon statutes not similar to our own, 48 O.S.1961, § 75, supra, or under common law. I believe the reasoning set forth herein is consistent with the Kansas case, supra, and the Oklahoma cases relied upon by Hart Industrial, and logically follows from the conclusions therein reached.

I am authorized to state that DAVISON and IRWIN, JJ., concur in the views herein expressed