**Arthur DAVIDOR, Plaintiff In Error,**

v.

**N. T. SMITH, Defendant In Error.**

No. 37281.

Supreme Court of Oklahoma.
March 26, 1957.

Robinson, Shipp, Robertson & Barnes, Oklahoma City, for plaintiff in error.

Saunders & Van Wagner, Shawnee, for defendant in error.

JOHNSON, Justice.

Parties will be referred to as they appeared in the trial court.

Plaintiff brought this action to recover on an unpaid check drawn on the Liberty National Bank of Oklahoma City, alleging that the check was signed and delivered to the plaintiff by the defendant for a valuable consideration; that upon presentation to the bank, payment was refused for the reason that there was no account in the name of the defendant. The defendant admitted giving the check but denied liability on the check because of failure of consideration.

Jury was waived and the cause tried to the court, resulting in judgment for the defendant, from which judgment the plaintiff appeals.

Plaintiff for reversal presents his assignments of error under the single proposition that "(T)he evidence of defendant failed to establish a defense to the prima facie case made out by plaintiff."

As reflected by the evidence and evidentiary exhibits, the factual situation upon which this action is based may be briefly summarized as follows:

On September 4, 1954, defendant gave plaintiff a right to sell an undivided half interest in certain oil and gas leases for $750,000; then on the same day supplemented this agreement so as to give plaintiff a one percent commission if the property was sold to certain prospective purchasers already contacted. Plaintiff thereafter so sought to find a purchaser, and on November 6, 1954, plaintiff and defendant agreed that a Mr. Louis J. Roussel of New Orleans and Leslie F. Muter of Chicago were prospects, and that in view of the possibility of selling this interest at a lesser price plaintiff would collect a 5% commission. However, plaintiff was unable to complete a sale with Roussel, and defendant went to New Orleans and agreed to sell Roussel a one-half interest in the oil and gas property for $450,000. While there he telephoned plaintiff who agreed to take $10,000 as a commission if the sale went through. When defendant returned, plaintiff met him at the airport in Oklahoma City with a check and a letter, both prepared by plaintiff and dated January 19, 1955. The check was in the sum of $10,-000 and drawn on the Liberty National Bank of Oklahoma City, signed by defendant and payable to plaintiff. The letter acknowledged the receipt of the check in the sum of $10,000 as being payment in full for plaintiff's services in the sale to Louis J. Roussel, defendant's half working interest in the oil and gas leases in question, for which plaintiff (in the letter) assertedly released his option (which he had obtained without consideration) and waived any further rights under the option. The defendant concerning the check testified as follows:

"And I said, 'Well, I don't—I wouldn't give you any check until I know the deal is going through.' He said, 'Well, I want something to show that I have something coming.' I said 'Well, I don't mind signing to show you good faith that I will pay it if the deal goes through.' And I said, 'I

don't carry no account in the Liberty National Bank, anyway.' I said, 'I do my business in the American National.' And then we agreed to sign the check and he would hold the check, and when the deal went through he could bring it down here, and get a company check for the 10,000.00. So the deal never did go through."

Admittedly no such sale was ever made, and the present controversy is exclusively between the original · parties thereto. No claim is made of "a holder in due course."

In subsequent correspondence and conversations, plaintiff never mentioned the check to defendant, but after no sale was consummated between any or either of the two mentioned buyers, plaintiff brought this action. On cross examination, plaintiff testified as follows:

"Q. You never at any time corresponded or had any conversation with Mr. Smith about this check after it was given to you, did you?

"A. No sir."

 Under this factual situation we are of the opinion that the defendant did establish a defense to the prima facie case made out by the plaintiff. Clearly, the evidence established the absence or failure of consideration. "Absence or failure of consideration is matter of defense as against any person not a holder in due course." 48 O.S.1951 § 75.

 In an action of legal cognizance where jury is waived, we are only required to examine the record and determine whether there is any competent evidence, or inferences to be drawn therefrom, reasonably tending to support the findings and judgment. If there is, the judgment will not be reversed on appeal. This rule is so well established that we deem it unnecessary to cite cases so holding.

Judgment affirmed.

WELCH, C. J., and DAVISON, HALLEY, WILLIAMS, BLACKBIRD, JACKSON and CARLILE, JJ., concur.