Fred **STONEMAN** and Mildred **Stoneman**,
d/b/a M & F Appliances, Plaintiffs
in Error,

v.

Ivan **RYMER**, d/b/a Wholesale Radio
Supply, Defendant in Error.

No. 37873.

Supreme Court of Oklahoma.

Jan. 27, 1959.

McCoy & Craig and Robert P. Kelly,
Pawhuska, for plaintiffs in error.

Shidler & Threadgill, Tulsa, for defendant in error.

DAVISON, Chief Justice.

The parties will be referred to as they appeared in the trial court.

Plaintiff brought this action with verified petition to recover $752.08 on an unpaid account for goods and merchandise furnished by plaintiff to defendants at their request. The defendants' answer was a verified denial of the correctness of the account and of the alleged indebtedness.

Jury was waived and the cause tried to the court, resulting in judgment for the plaintiff for $502.08, from which judgment the defendants appeal.

Defendants assign as error the proposition that the judgment is not supported by and is contrary to the weight of the evidence; that the court erred in assessing the amount of recovery; and that the court erred in overruling defendants' motion for new trial.

From the testimony and documentary evidence it appears that the plaintiff was in Tulsa and the defendants were in Fairfax, Oklahoma, and that the purchase and sale transactions covered a period of approximately sixteen months with payments and credits during that period and for approximately twelve months thereafter. Sales were made on open account and on COD and for cash. More than a majority of the personal checks of defendants were returned by the bank because of insufficient funds. Numerous pencil notations appear on the ledger sheets of plaintiff concerning returned checks, partial payments, credits and promises to pay. The Court, as well as counsel, asked questions concerning the transactions of the parties and the credits given by plaintiff in determining the indebtedness of defendants. The court upon consideration of all the evidence gave the defendants an additional credit for $250 and rendered judgment for $502.08.

The defendants particularly urge they should have been given a further credit for $300, concerning which testimony was given

by witnesses and appearing among the memos and notations above described and as a pencil notation upon a charge-back slip issued by a bank when a prior check of the defendants was returned unpaid. Defendants attached to their motion for new trial a check in this amount payable to plaintiff which had been paid by the drawee bank. This check was not described as newly discovered evidence. The trial court was fully informed when the motion for new trial was overruled.

The rule of law applicable to this situation has been stated many times. In Davidor v. Smith, Okl., 309 P.2d 272, 274, it was stated:

"In an action of legal cognizance where jury is waived, we are only required to examine the record and determine whether there is any competent evidence, or inferences to be drawn therefrom, reasonably tending to support the findings and judgment. If there is, the judgment will not be reversed on appeal."

Judgment affirmed.